THE STATE OF KANSAS v. L. W. LABORE.

No. 16,369.

SYLLABUS BY THE COURT.

1. JURY AND JURORS — *Qualifications — Contradictory Answers.* Contradictory answers of a juror while under examination concerning his qualifications do not necessarily prove his unfitness to serve, and if after proper instruction by the court he appears to be duly qualified it is not error to overrule a challenge based upon such answers.

2. INTOXICATING LIQUORS—*Joinder of Misdemeanors in One Count—Election.* The unlawful acts specified in the prohibitory law in defining a common nuisance may be charged conjunctively in one count, and it is not error to deny a motion of the defendant to require the prosecuting attorney to ·elect upon which of the acts so charged he relies for conviction.

3. CRIMINAL LAW—*Instructions in Writing—Oral Repetition.* The oral repetition of an instruction to the effect that no inference of guilt can be drawn from the omission of the defendant to testify, which was one of the instructions properly given in writing, is not a material error, if error at all.

4. ———— *Argument to the Jury—Reference to Defendant's Failure to Testify.* A statement by the prosecuting attorney in the closing argument that there was no testimony to contradict the evidence of a sale of liquor on a certain day, if warranted by the proof, does not afford a ground of reversal although the defendant did not testify on the trial.

5. ———— *Instruction Not Pertinent.* An instruction requested, although stating a correct proposition of law, should be refused if not pertinent to the evidence or if it be included in substance in the others given.

Appeal from Decatur district court; WILLIAM H. PRATT, judge. Opinion filed July 3, 1909. Affirmed.

*Fred S. Jackson*, attorney-general, *John Marshall*, assistant attorney-general, *Charles D. Shukers*, special assistant attorney-general, and *L. M. Parker*, for The State.

*Langmade & Caster*, and *J. F. Peters*, for the appellant.

The opinion of the court was delivered by

BENSON, J.: The appellant was convicted of maintaining a common nuisance and of selling intoxicating liquor in violation of law. He alleges various errors.

The motions to quash the information and in arrest of judgment were properly denied under the rules stated in *The State v. Seeger*, 65 Kan. 711, and *The State v. Giroux*, 75 Kan. 695.

Error is alleged in impaneling the jury. One of the jurors, in answering questions as to whether the fact that a man was charged with an offense would raise in his mind a presumption of guilt, gave seemingly contradictory answers evincing some misapprehension. Thereupon the court informed the juror of the presumption of innocence, and stated the rule to be given in the instructions, and the juror then made satisfactory answers to further questions asked by the court. Upon his whole examination it appeared that he was a competent juror.

The count alleging the maintenance of a nuisance charged the defendant with keeping and maintaining a place where intoxicating liquors were kept, sold, bartered and given away in violation of law, and where persons were permitted to resort for the purpose of drinking such liquors as a beverage in violation of law. The defendant moved for an order requiring the state to elect upon which one of these charges it relied for a conviction, which was denied. Only one offense was

charged in this count. A person may maintain a nuisance by keeping a place where such liquors are kept for the unlawful purpose, or where persons are permitted to resort for the purpose of drinking intoxicating liquors as a beverage; and both of these unlawful acts may be charged conjunctively, and when so charged an election should not be required. (*The State v. Schweiter,* 27 Kan. 499; *The State v. Reno,* 41 Kan. 674; *The State v. Bush,* 70 Kan. 739; *The State v. Giroux,* 75 Kan. 695.)

Complaint is made of instructions referring to the fact that a nuisance may be committed by keeping a place of resort for the illegal purpose or where intoxicating liquors are kept for illegal sales. It is said in the brief that there was no evidence "that defendant committed or maintained the nuisance in each of the ways or the manner mentioned." It was not necessary that there should be proof that he committed the offense in each of such ways. If the nuisance was maintained in any way set out in the information and specified by the statute, it was sufficient. Besides, the evidence is not abstracted, and we must presume that it warranted the instructions.

In the written instructions given the court informed the jury that no inference of guilt could be drawn from the omission of the defendant to testify. It seems from the abstract that the court repeated this instruction orally. This did not violate the rule which requires the instructions to be in writing. They were in writing. The oral repetition of one, after reading all, could not prejudice the defendant. The reading may have been imperfectly done, in which case a repetition was desirable. It could make no difference whether it was reread or repeated from memory.

In the concluding argument the county attorney said: "There was not a syllable of testimony to contradict the evidence of the sale of intoxicating liquor on the 7th day of October, 1906." This, it is alleged, violates the

The State v. School District.

statute. (Crim. Code, § 215.) The prosecuting attorney is not permitted to refer to the failure of a defendant to testify, and he did not. The testimony of a defendant is not in all cases the only way in which witnesses against him may be contradicted. The statute does not preclude a fair argument or legitimate inferences (*The State v. Yordi,* 30 Kan. 221), and there is nothing in the record to show that the statement made was untrue.

An instruction was asked to the effect that one in the *bona fide* possession of intoxicating liquor may use it as he sees fit or give it away if not done as a shift or device to evade the law. It does not appear that the refusal of this request was erroneous, (1) because it may not have been warranted by the evidence, and (2) because it may have been included in the instructions given, the abstract failing to show the absence of such an instruction.

Finding no error in the proceedings, the judgment is affirmed.