THE CITY OF TOPEKA, *Appellee*, V. WILLIAM BRIGGS, *Appellant*.

No. 18,899.

SYLLABUS BY THE COURT.

1. INTOXICATING LIQUORS—*Evidence—Records of United States Revenue Collector*. In a prosecution by a city for maintaining a place where intoxicating liquors are unlawfully kept and sold an authenticated copy of the records of the United States internal revenue office showing that the accused had paid a tax as a retail liquor dealer is competent evidence. The possibility that some one else may have paid the tax and obtained a receipt without the knowledge or consent of the accused did not render the evidence incompetent.

2. TRIAL — *Police Court — Indorsing Names of Witnesses on Complaint—Unnecessary*. The process and proceedings in a police court in cities of the first class are governed by the law regulating proceedings in justice court in criminal cases, and in an appeal from a conviction in the police court no error was committed by the district court in refusing to require the prosecution to indorse the names of witnesses on the complaint.

3. CITY ATTORNEY—*Arguments—Refusal of Accused to Testify*. A statement by the city attorney that certain material testimony offered in behalf of the city had not been contradicted does not violate the statutory rule which prohibits the prosecuting attorney from referring to the neglect or refusal of the accused in giving testimony in his own behalf.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed November 8, 1913. Affirmed.

*W. I. Jamison*, of Topeka, for the appellant.

*W. C. Ralston*, city attorney, and *James W. Clark*, assistant city attorney, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: William Briggs was charged with maintaining a common nuisance in violation of an ordinance of the city of Topeka and was convicted in the police court. On an appeal to the district court he

was again convicted, and the penalty there imposed was a fine of $200 and imprisonment in jail for six months.

He contends, on this appeal, that he was convicted for an offense for which he had been previously tried and discharged, but nothing is found in the abstract or transcript to justify this contention.

Complaint is made of the admission in evidence of an authenticated copy of the record obtained from the office of the internal revenue collector, showing that appellant had paid internal revenue tax as a retail liquor dealer. It has been repeatedly decided that such evidence is competent. (*The State v. Nippert,* 74 Kan. 371, 86 Pac. 478; *The State v. Schaeffer,* 74 Kan. 390, 86 Pac. 477; *The State v. Shook,* 75 Kan. 807, 90 Pac. 234; *The State v. Pigg,* 78 Kan. 618, 97 Pac. 859.) It is said that testimony of this kind should not be received or given weight because any imposter might have obtained a license in the name of appellant. The possibility of an imposition of this kind may weaken the testimony but does not render it incompetent.

The refusal of the court to require the indorsement of the names of witnesses upon the complaint is assigned as error. As has been seen, this prosecution was instituted by the city in the police court and taken upon appeal to the district court. The process and proceedings in the police court in cities of the first class are governed by the law regulating proceedings in the justice court in criminal cases. (Gen. Stat. 1909, § 975.) The provisions requiring the indorsement of names of witnesses on an information or indictment are not applicable to a prosecution in a justice court, and hence it was not necessary that the names of witnesses should be indorsed on the complaint in the police court, nor in the district court on appeal. (*The State v. Wood,* 49 Kan. 711, 31 Pac. 786.)

Complaint is also made of the conduct of the city attorney in saying to the jury, in argument, that certain

evidence produced by the city was uncontradicted. It is contended that this was an indirect way of calling the attention of the jury to the fact that appellant had failed to testify in his own behalf. The issues are to be determined by the evidence produced by the prosecution and the defense. Appellant was at liberty to sustain his defense by testimony other than his own. The prosecution was not precluded from an analysis and discussion of the testimony by the fact that the accused had not availed himself of his right to testify. Assuming, as we must, that the testimony was uncontradicted, the city attorney was well within the line of propriety when he called the attention of the jury to the fact that important testimony offered by the city stood uncontradicted. This is not an infringement of the statutory rule which prohibits the prosecuting attorney from referring to the neglect or refusal of the accused from taking the stand and giving testimony in his own behalf. (*The State v. Labore,* 80 Kan. 664, 103 Pac. 106.)

It is finally urged that the testimony does not support the verdict. This claim can hardly be seriously made. One witness who lived near appellant's place of business testified that she saw large quantities of beer and whisky delivered there. It was hauled to appellant's place in beer wagons, delivery wagons and on one occasion three cases of beer were taken there in an open buggy. She stated that she saw great numbers of people going to and coming from the place, many of whom were intoxicated. She also stated that she saw quantities of beer and whisky carried from there by the patrons of the place, and on one occasion one patron dropped a package of beer bottles on the sidewalk in front of her house and she swept the broken bottles from the walk. The officers who searched the premises at the time of the arrest found intoxicating liquors there. There is abundance of testimony to sustain the conviction, and the judgment will be affirmed.