No. 38,636

STATE OF KANSAS, *Appellant,* v. DORIS M. PULEC, *Appellee.*

(246 P. 2d 270)

Opinion filed July 3, 1952.

*Norbert R. Dreiling,* county attorney, argued the cause and *Harold R. Fatzer,* attorney general, was with him on the briefs for the appellant.

*Hal C. Davis,* of Topeka, argued the cause, and *E. J. Malone,* of Hays, was with him on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: The state appeals from an order quashing an information in a criminal case.

The defendant, Doris M. Pulec, was charged in two counts, differing only as to dates, with unlawfully having alcoholic liquor in her possession on premises which were licensed in her name for the sale of cereal malt beverages. The prosecution was based on a violation of the twelfth ground, or subdivision (*l*) of G. S. 1949, 41-2708 of the cereal malt beverage law (amended by section 2, chapter

302, Laws 1951, no part of which amendment, however, affects subdivision (*l*) or is applicable to this action) and on G. S. 1949, 41-2711.

G. S. 1949, 41-2708, provides:

"The board of county commissioners or the governing body of any city, upon five days' notice to the persons holding such license, shall revoke such license for any one of the following reasons: (*a*) If a licensee has fraudulently obtained the license by giving false information in the application therefor; (*b*) if the licensee has violated any of the provisions of this act or any rule or regulation made by the board or the city as the case may be; (*c*) if the licensee has become ineligible to obtain a license in this act; (*d*) drunkenness of the person holding such license or permitting any intoxicated person to remain in such place; (*e*) the sale of cereal malt beverages to those under the age of eighteen years; (*f*) the nonpayment of any license fees; (*g*) for permitting any gambling in or upon such premises; (*h*) for permitting any person to mix drinks with materials purchased in said place of business or brought in for this purpose; (*i*) for the employment of persons under eighteen years of age in dispensing cereal malt beverages; (*j*) for the employment of persons who have been adjudged guilty of felony or of any violation of the intoxicating liquor law; (*k*) for purchasing or displaying a federal retail liquor tax stamp, expiring after June 30, 1937, issued by the United States treasury department, except where issued for industrial, mechanical, scientific, and medicinal purposes. (*l*) *For the sale or possession of or for permitting any person to use or consume upon or in said premises alcoholic liquor as defined by the laws of the state of Kansas relating thereto.* Within twenty days after the order of the board revoking any license the licensee may appeal to the district court of the county in the manner as now provided by law in appeals from the probate court: *Provided,* That any appeal taken from an order revoking any such license shall not suspend the order of revocation during the pendency of any such appeal. In case of the revocation of the license of any licensee, no new license shall be issued to such person or any person acting for or on his behalf, for a period of six months thereafter." (Emphasis supplied.)

G. S. 1949, 41-2711 reads:

"Any person violating any of the provisions of this act shall be deemed guilty of a misdemeanor and upon conviction thereof shall be punished by a fine of not more than five hundred dollars, or by imprisonment in the county jail for not more than one year, or by both such fine and imprisonment."

The sole question presented is whether defendant's possession of alcoholic liquor on premises on which she had a license to sell cereal malt beverages constitutes a criminal offense or only a ground for revocation of her license to sell cereal malt beverages? The district court concluded it was the latter and sustained the motion to quash the criminal charge.

Subdivision (*l*) of G. S. 1949, 41-2708 was added as the twelfth ground to the above revocation statute in 1949 (chapter 245) when

the Kansas liquor control act was enacted. (Chapter 242, Laws 1949.) By the latter act the old prohibitory law pertaining to possession of intoxicating liquor was repealed. (G. S. 1949, 41-1106.)

Defendant (appellee) adopts the views of the district court, which, in substance, were:

Criminal statutes must be strictly construed in favor of a person charged with crime; absent a statute which clearly makes possession of alcoholic liquor under the circumstances alleged a criminal offense there can be no prosecution therefor; the legislative intent to make the act a crime must be ascertainable without conjecture and speculation; having repealed the former prohibitory law the legislature nevertheless intended to prescribe a penalty for acts alleged in the information; the penalty it chose to prescribe was the revocation of defendant's license to sell cereal malt beverages; various acts under the liquor control law expressly are made criminal offenses but the act presently charged is not one of them; the act charged is one of the specific grounds for revocation of defendant's license; it is true G. S. 1949, 41-2711 makes it a misdemeanor for a person to violate any of the provisions of the cereal malt beverage act; if, however, a violation of subdivision (*l*) of G. S. 1949, 41-2708 be construed to constitute a criminal offense then every other act therein specified as a ground for revocation of defendant's license to sell cereal malt beverages likewise constitutes a criminal offense; an examination of the nature of the various grounds for revocation of defendant's license clearly indicates the legislature could not have intended to make each of such grounds a criminal offense.

The state (appellant) contends the two statutes previously quoted herein must be read and construed together. It is, of course, true that all statutes in *pari materia* must be considered. The state further contends the question here presented was decided in *State v. Wilson*, 169 Kan. 659, 220 P. 2d 121, and the instant prosecution was instituted in reliance on that decision. In that opinion the court said:

"Section 1, chapter 245, Laws of 1949, which became effective April 8, 1949, provides, among other things, that it shall be unlawful for one holding a license for the retail of cereal malt beverages to possess alcoholic liquor upon or in the premises so licensed. (p. 662.)

.   .   .   .   .   .   .   .   .   .   .   .   .

"We think that it was clearly the intent of the legislature to prohibit the possession of alcoholic liquor by one holding a license to retail cereal malt beverages under the circumstances here disclosed. To hold otherwise would be to render ineffective the manifest purpose and intent of the legislature to

divorce completely traffic in cereal malt beverages from that of alcoholic liquors." (P. 664.)

Defendant (appellee) emphasizes the fact the district court was not unmindful of our opinion in the Wilson case, *supra;* that the abstracts and briefs in the Wilson case were submitted to the district court for examination and such court concluded our opinion was based on the question of instructions and that no question was raised in the specification of error as to whether such possession constituted a misdemeanor under the cereal malt beverage act.

It is true the trial court's memorandum opinion indicates those were its views. The trial court's views, however, relative to the various factors this court may have considered in reaching its conclusion in the Wilson case are not binding on this court.

It will serve no useful purpose to discuss further the various contentions of the parties. The court has considered all of them. It has concluded the decision in the Wilson case was correct and desires to adhere to it.

The order of the district court sustaining the motion to quash is reversed.

WEDELL, J. (dissenting): It is my opinion this court decided *State v. Wilson,* 169 Kan. 220 P. 2d 121, wrongly irrespective of whether it considered the point now raised or not. The precise contention now made in the instant case was not presented, urged or argued in the Wilson case. Moreover, it was not mentioned in the petition for rehearing.

In any event I am in complete accord with statements in the Wilson case to the extent that it was the legislative intent to prohibit the possession of alcoholic liquor on premises by a person licensed to retail cereal malt beverages thereon.

The only question, in my opinion, is *what penalty did the legislature intend to prescribe for the violation of such prohibition?* The question is not whether this court believes possession of alcoholic liquor under the circumstances stated should have been made a misdemeanor. Our only function is to ascertain the legislative intent and to make it effective if reasonably possible to do so.

Careful consideration of the question presented convinces me the legislature deliberately selected the penalty it desired to impose for violation of the act charged and that such penalty was only revocation of the license to sell cereal malt beverages.

Assuming, however, such an interpretation is subject to doubt there is another reason which compels an affirmance of the district court. It is that a criminal statute must be strictly construed in favor of a citizen charged with the commission of a crime. In order to make an act criminal the statute must at least be sufficiently clear to preclude the necessity of resorting to speculation and conjecture in determining whether the legislature intended to declare an act criminal. The statutes here involved, in my opinion, cannot be said to reasonably conform to this established rule. Entertaining these views it is my duty and desire to rectify my own error at the first opportunity.

SMITH and PRICE, JJ., concur in the foregoing dissenting opinion.