No. 39,104

State of Kansas, *Appellee*, v. Doris M. Pulec, *Appellant*.

(263 P. 2d 230)

Opinion filed November 7, 1953.

.Hal C. Davis, of Topeka, and E. J. Malone, of Hays, argued the cause and were on the briefs for the appellant.

Norbert R. Dreiling, county attorney, argued the cause and Harold R. Fatzer, attorney general, was with him on the briefs for the appellee.

The opinion of the court was delivered by

Smith, J.: Defendant was convicted of a violation of G. S. 1949, 41-2708, and appeals.

This case has been here before. (See *State v. Pulec*, 173 Kan. 261, 246 P. 2d 270.) Defendant was charged in two counts on different dates with unlawfully having alcoholic liquor on premises, which were licensed in her name for the sale of cereal malt beverages. The statute sets out at G. S. 1949, 41-2708, twelve grounds for which the board of county commissioners or the governing body of a city upon five days' notice to the persons holding a cereal malt beverage license may revoke it. The twelfth of these grounds is "(*l*) For the sale or possession of or for permitting any person to use or con-

sume upon or in said premises alcoholic liquor as defined by the laws of the state of Kansas relating thereto."

The complaint charged that defendant had alcoholic liquor in her possession on premises which had been licensed in her name for the retail sale of cereal malt beverages.

In the justice court she was found guilty and appealed.

In the district court the complaint was quashed.

The state appealed. We said:

"The sole question presented is whether defendant's possession of alcoholic liquor on premises on which she had a license to sell cereal malt beverages constitutes a criminal offense or only a ground for revocation of her license to sell malt beverages?"

The state in that case pointed out the provisions of G. S. 1949, 41-2711, same being a section of the original liquor control act, as follows:

"Any person violating any of the provisions of this act shall be deemed guilty of a misdemeanor and upon conviction thereof shall be punished by a fine of not more than five hundred dollars, or by imprisonment in the county jail for not more than one year, or by both such fine and imprisonment."

The state argued that this section and G. S. 1949, 41-2708, should be considered together and when so considered compelled a conclusion that having liquor in the possession of one to whom cereal malt beverage license had been issued for the premises was a misdemeanor. We pointed out that we had answered the question in favor of the state's contention in *State v. Wilson*, 169 Kan. 659, 220 P. 2d 121, and the majority of the court held we concluded the decision in the Wilson case was correct and we adhered to it. The judgment of the trial court was reversed. Three of the justices dissented from this decision. The case has now been tried in the district court and the defendant convicted under count 1 of the complaint. After the jury had been empaneled, defendant moved for her discharge and that the complaint and warrant be quashed on the ground that the complaint did not allege a public offense. After the jury was empaneled she presented the same motion.

Following our decision in *State v. Pulec*, supra, the trial court overruled these motions. We have again considered the arguments made in the former appeal. This has led us to a critical re-examination of G. S. 1949, 41-2708. That section provides as follows:

"The board of county commissioners or the governing body of any city, upon five days' notice to the persons holding such license, shall revoke such license for any one of the following reasons: (a) if a licensee has fraudulently

obtained the license by giving false information in the application therefor; (*b*) if the licensee has violated any of the provisions of this act or any rule or regulation made by the board or the city as the case may be; (*c*) if the licensee has become ineligible to obtain a license in this act; (*d*) drunkenness of the person holding such license or permitting any intoxicated person to remain in such place; (*e*) the sale of cereal malt beverages to those under the age of eighteen years; (*f*) the nonpayment of any license fees; (*g*) for permitting any gambling in or upon such premises; (*h*) for permitting any person to mix drinks with materials purchased in said place of business or brought in for this purpose; (*i*) for the employment of persons under eighteen years of age in dispensing cereal malt beverages; (*j*) for the employment of persons who have been adjudged guilty of felony or of any violation of the intoxicating liquor law; (*k*) for purchasing or displaying a federal retail liquor tax stamp, expiring after June 30, 1937, issued by the United States treasury department, except where issued for industrial, mechanical, scientific, and medicinal purposes. (*l*) For the sale or possession of or for permitting any person to use or consume upon or in said premises alcoholic liquor as defined by the laws of the state of Kansas relating thereto. Within twenty days after the order of the board revoking any license the licensee may appeal to the district court of the county in the manner as now provided by law in appeals from the probate court: *Provided,* That any appeal taken from an order revoking any such license shall not suspend the order of revocation during the pendency of any such appeal. In case of the revocation of the license of any licensee, no new license shall be issued to such person or any person acting for or on his behalf, for a period of six months thereafter."

It will be noted among the ground for revoking a cereal malt beverage license (*c*) "if the licensee has become ineligible to obtain a license in this act"; (*f*) "the nonpayment of any license fees." Should the decision in *State v. Pulec,* supra, be adhered to it would amount to a holding that a licensee committing either one of the above acts would be guilty of a misdemeanor. The majority of the court are convinced the legislature had no such intention. It is well settled that a statute defining a criminal offense must be strictly construed. (See *State v. Bowser,* 158 Kan. 12, 145 P. 2d 135; *State v. Waite,* 156 Kan. 143, 131 P. 2d 708.) An application of the above rule to this statute compels a holding that the legislature did not intend that possession of intoxicating liquor in a place licensed as a retail place for cereal malt beverages should be a misdemeanor. We are fortified somewhat in this conclusion by the fact that the legislature in 1951 enacted chapter 302, Laws of 1951. This chapter amended G. S. 1949, 41-2704, by adding a sentence as follows: "No person shall have any alcoholic liquor in his possession while in said place of business." Had that provision been in the statute at the time defendant was charged with having violated the

law, then under the provisions of G. S. 1949, 41-2711, she would have been correctly charged. The fact that the legislature saw fit to make the amendment in 1951 is persuasive that it did not consider such to be the law before.

The motion of defendant for discharge and that the complaint and warrant be quashed should have been sustained.

It follows our holding in *State v. Pulec*, supra, must be and it is overruled.

The judgment of the trial court is reversed with directions to discharge the defendant.

HARVEY, C. J., and THIELE and PARKER, JJ, dissent.