No. 39,395

THE STATE OF KANSAS, *Appellee*, v. RANDOLPH H. ERHART, *Appellant*.

No. 39,396

THE STATE OF KANSAS, *Appellee*, v. WILLIAM C. THRASHER, Appellant.

(272 P. 2d 1097)

Opinion filed July 6, 1954.

*Elmer Hoge*, of Overland Park, argued the cause and was on the briefs for both appellants, and *Lyndus A. Henry*, of Overland Park, was with him on the briefs for appellant in case No. 39,395.

*James H. Bradley*, county attorney, of Olathe, argued the cause, and *Harold R. Fatzer*, attorney general, and *Paul E. Wilson*, assistant attorney general, of Topeka, were with him on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, C. J.: These are criminal cases. Since the appellants were prosecuted under one information and since the legal ques-

tions raised by them in their separate appeals are identical the cases may be disposed of in one opinion. The information was in two counts. Each count charged both of the appellants in count one with the possession of alcoholic liquors on premises licensed for the sale of cereal malt beverages; count two, the sale of cereal malt beverages on Sunday. The offenses were charged to have been committed on September 6, 1953, which was a Sunday. Upon being arraigned each of the defendants entered a plea of not guilty. When the case was called for trial the county attorney made the opening statement and counsel for defendants asked the state to elect under which statute the prosecution was laid and the county attorney elected to proceed under 41-2704 of the 1951 Supp. to G. S. 1949, the pertinent parts of which read as follows:

"In addition to the requirements of this act the board of county commissioners of any county of the state of (or) the governing body of any city may prescribe hours of closing, standards of conduct, and rules and regulations concerning the moral, sanitary and health conditions of the places licensed and may establish zones within which no place of business may be located not inconsistent with the provisions of this act: *Provided,* That no cereal malt beverages may be sold . . . *on Sunday.* . . . *No person shall have any alcoholic liquor in his possession while in said place of business.* (G. S. 1949, § 41-2704; L. 1951, ch. 302, § 1; June 30.)" (Emphasis supplied.)

Defendants moved to be discharged upon the ground that the section relied upon by the state is not a penal section. For the penalty the state relied upon G. S. 1949, 41-2711, which is a part of the same act above mentioned and which in substance provides:

"Any person violating any of the provisions of this act shall be deemed guilty of a misdemeanor . . ."

and fixes the punishment. The defendant's motion to be discharged was denied and the trial proceeded with the result that the defendant Erhart was found guilty on both counts of the information and defendant Thrasher was found not guilty on count one but guilty on count two. In the course of the trial the court instructed the jury the statute under which the state of Kansas prosecuted this action provides in substance:

"No cereal malt beverage may be sold on Sunday and no person shall have any alcoholic liquor in his possession while in a place of business in which the sale of cereal malt beverage has been licensed."

Each of the defendants filed a motion for a new trial which was considered by the court and overruled. These appeals followed.

The appeals present only questions of law. No transcript of the

testimony has been furnished. It appears the premises were searched by officers under a search warrant on Sunday, September 6, 1953. The officers making the search found the application of the Sunflower Veterans Club of Sunflower, Kansas, for a cereal malt beverage license on which the name and signature of the defendant Randolph H. Erhart appeared. They also found a number of bottles of whiskey as well as cases of beer on the premises. These were all introduced in evidence. Also in the cross examination of Jack L. Patterson, a witness called by the state who testified that he was chairman of the operating committee of the Sunflower Veterans Club at the time of the approval of the cereal malt beverage license, defendant introduced a contract which named Erhart as the manager of the club and prescribed his duties.

In this court the appellants raised three legal questions:

First, that the court erred in overruling their motion to be discharged. The point is not well taken. It is true that 41-2704 gives the board of county commissioners or the governing body of the city some authority to include in the license for the sale of cereal malt beverage hours of closing, standards of conduct, and rules and regulations concerning the moral, sanitary and health conditions of the places licensed and to establish zones within which no place of business may be located not inconsistent with the provisions of this act; but it also contains positive legislative directions that no cereal malt beverages may be sold on Sunday; and further provides no person shall have any alcoholic liquor in his possession while in said place of business. These were positive declarations of the legislature which the board of county commissioners or the governing body of the city could not modify.

This is the first case which has reached this court involving the violation of 41-2704. We have had two cases involving the violation of 41-2708 which authorizes the board of county commissioners and the governing body of any city to cancel licenses previously issued for the sale of cereal malt beverages for any one of a number of reasons stated in subsections, one of which reads:

"For the sale or possession of or for permitting any person to use or consume upon or in said premises alcoholic liquor as defined by the laws of the state of Kansas relating thereto. . . ."

This section contained no penal provision but for that the state relied upon 41-2711. The first of these cases was *State v. Wilson*, 169 Kan. 659, 220 P. 2d 121, where the defendant was convicted

upon a count which charged her with having alcoholic liquor in her possession upon the premises where she had a permit to sell cereal malt beverages. This court affirmed but the question of the section not being a penal statute was not presented, nor ruled upon.

The next case was *State v. Pulec*, 173 Kan. 261, 246 P. 2d 270. The charge was predicated upon the subsection of 41-2708 above quoted. The case was brought in the justice court where the defendant was found guilty. She appealed to the district court where the question whether the prosecution was based upon a penal statute was presented. The trial court held it was not and discharged the defendant. The state appealed. This was reversed by a four to three decision relying heavily upon the Wilson case. One of the justices wrote a dissenting opinion in which two others joined. The case was later tried in the district court and resulted in a conviction and a second appeal followed which is reported in 175 Kan. 290, 263 P. 2d 230. At that time the court made a more careful examination of 41-2708 and found in it several subsections which could not be penal offenses and concluded the section was not a penal section and overruled its previous holding in *State v. Pulec*, 173 Kan. 261, 246 P. 2d 270, again with a divided court. In the meantime the legislature of 1951 in ch. 302 amended 41-2704 by adding thereto this sentence: "No person shall have any alcoholic liquor in his possession while in said place of business." In the opinion it was said:

". . . Had that provision been in the statute at the time defendant was charged with having violated the law, then under the provisions of G. S. 1949, 41-2711, she would have been correctly charged. . . ."

The pertinent syllabus reads:

"G. S. 1949, 41-2708, G. S. 1949, 41-2711, and G. S. 1951 Supp., 41-2704, examined, construed—*Held* possession prior to the enactment of G. S. 1951 Supp., 41-2704, of alcoholic liquor on premises by a person licensed to engage in the retail sale of cereal malt beverages thereon did not constitute a misdemeanor but only a ground for revocation of the license to sell cereal malt beverages."

Defendants here were charged with having committed the offense named in the information on September 6, 1953. The statute, 41-2704 as amended in 1951, was in force and the defendants were properly charged thereunder.

Second, both appellants contend the court erred in the instruction

given as the applicable statute. The point lacks merit as demonstrated by the analysis just given with respect to point one.

Third, both appellants complain of language used by the county attorney in his closing argument to the jury. The appellant Erhart complains of the following statement:

"That the evidence as shown here, and there hasn't been anything to controvert it, that Mr. Randolph Erhart was the manager of the Sunflower Veterans Club."

Both appellants complain of the following statement: "Not a thing on the witness stand, realize this ladies and gentlemen of the jury, has been disputed—not a single, solitary thing." In this case neither of the defendants chose to testify. They contend here that the remarks of the county attorney above quoted violated that portion of our criminal code G. S. 1949, 62-1420 which, as pertinent, reads:

". . . That the neglect or refusal of the person on trial to testify, . . . shall not raise any presumption of guilt, nor shall the circumstances . . . be either commented upon or referred to by any attorney prosecuting in the case, . . ."

The remarks of the county attorney above quoted did not violate this statute. See *State v. Labore*, 80 Kan. 664, 103 Pac. 106; *City of Topeka v. Briggs*, 90 Kan. 843, 845, 135 Pac. 1184. The county attorney made no reference to the defendants by name or otherwise in his remarks. He had ample authority to discuss the evidence that was introduced and if it was true, and apparently it was here, he was entitled to call the attention of the jury to the fact that certain important evidence had not been controverted. See, *State v. Peterson*, 102 Kan. 900, 171 Pac. 1153; *State v. Owen*, 124 Kan. 533, 261 Pac. 600; *State v. Boyd*, 140 Kan. 623, 38 P. 2d 665. Many other cases might be cited. We find no error in the record. The judgment of the trial court is affirmed.