No. 48,075

STATE OF KANSAS, *Appellee*, v. WILLIAM EDWARD JOHNSON, *Appellant.*

(549 P. 2d 1370)

Opinion filed May 8, 1976.

*William D. Hamblin,* of Overland Park, argued the cause, and *Thomas W. Brooks,* of Overland Park, was with him on the brief for the appellant.

*G. Joseph Pierron,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, and *Margaret Jordan,* district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

FOTH, C.: William Edward Johnson was convicted of one count each of kidnapping, rape, and attempted aggravated robbery. His motion for a new trial was overruled and he has appealed.

On October 26, 1974, the victim and a boyfriend attended a hayride and on the way home stopped their vehicle in rural Johnson county in order to talk. While parked, they were accosted by a man armed with a rifle or shotgun who demanded their wallets. The robbery failed, however, because neither had carried a wallet on the hayride. The two were then bound and blindfolded and driven to a house where the sexual assault occurred. They were then driven back to the point of abduction and released.

Investigation led to the issuance of a search warrant for the defendant's home. Various items of bedclothing and pieces of cloth resembling blindfolds were recovered. The defendant, who appeared while the search was in progress, was questioned and indicated he had spent the evening in question at home. He later changed his story, and in his notice of alibi indicated he had been in Lawrence on the evening of the crime.

Defendant's first trial ended in a hung jury, allegedly favoring acquittal by a vote of 10-2. He was retried, and this appeal is from his conviction at the second trial. Five trial errors are urged.

Defendant's first point concerns hair particles found in the seized bedclothes. At the first trial the prosecution had introduced expert testimony identifying them as having come from the rape victim. After the first trial, on defendant's motion, the state was ordered to deliver to the defense a sample of the victim's hair for analysis. The order was issued on February 26, 1975. As of April 1 a fresh sample had not been provided, though appellant's expert was given access to and examined the specimens in the hands of the state's expert. At that point, six days before trial, Johnson's counsel moved for a continuance. A continuance was denied, but because the order had not been fully complied with the trial court prohibited the state from introducing any evidence concerning the hair. The

order of exclusion was made under K. S. A. 22-3212 (7), which provides in part:

". . . If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this section or with an order issued pursuant to this section, the court may order such party to permit the discovery or inspection of materials not previously disclosed, grant a continuance or prohibit the party from introducing in evidence the material not disclosed, or it may enter such other order as it deems just under the circumstances."

We considered this provision at length in *State v. Jones*, 209 Kan. 526, 498 P. 2d 65, and concluded that "[a] trial court is vested with wide discretion in dealing with the failure of a party to comply with a discovery and inspection order." (Syl. para. 1.) In that case the state had been ordered to turn over diagrams along with scientific evidence and chemical analysis. Over objection such evidence was admitted at trial even though the order had gone unheeded, and Jones did not ask for a continuance. Although we did not condone the failure to comply, we affirmed the conviction on a finding of no prejudice. *Jones* has been followed on similar findings in *State v. Morin*, 217 Kan. 646, 538 P. 2d 684; *State v. Hollaway*, 214 Kan. 636, 522 P. 2d 364; *State v. Sullivan & Smith*, 210 Kan. 842, 504 P. 2d 190.

As in *Jones*, we find no prejudice here. At best a defense expert would have been able to say that the hair found in the house was not that of the victim, and thus neutralize any state's evidence that it was. Since the state's evidence was excluded, the same neutralizing effect was achieved. We find no abuse of discretion in the trial court's choice of sanctions under the statute.

Second, defendant asserts he should have a new trial because of improper closing argument by the prosecutor. In referring to defendant's shifting alibi defense, the prosecution in closing argument stated:

"It is hard to believe that a man faced under those circumstances would make the mistake of saying that he was at his home on the fatal evening and then not recall until a month later, no, I guess I wasn't home. But, of course, we don't have any testimony supporting that. Nothing has been brought forward to rebut the original statement made to the detective that he was at that home. There has been nothing brought forward to rebut the eyewitness identification of those two kids, or any of the physical evidence that the detectives seized at the house including that cloth, which is the same type of cloth as used in the billfold—blindfold."

Defense counsel asked to approach the bench and there asked

the court to take a motion for a mistrial under advisement. The following dialogue then occurred:

"THE COURT: I won't take it under advisement. Are you asking for a mistrial?

"[DEFENSE COUNCIL]: May I confer with my client, Your Honor? I am Court-appointed counsel.

. . . . . . . . . . . . . .

"THE COURT: But I am not going to entertain a motion to take it under advisement, so I want it on the record whether you are asking for a mistrial or not.

"[DEFENSE COUNCIL]: Since I am now Court-appointed counsel, I would ask that I have the opportunity to confer with Mr. Johnson.

"THE COURT: All right.

"[DEFENSE COUNSEL]: Your Honor, the Defendant wishes the objection noted in the record; the Defense strenuously objects and ask[s] the Court to admonish Mr. Pierron [the prosecutor] against this for the remainder of his argument. We do not ask the Court to declare a mistrial at this time."

The court complied with the defense request and, although finding nothing improper in the argument so far, warned the prosecutor that he was "getting awfully close." The prosecutor promptly closed his argument with a few formal generalities.

Fifth amendment rights are, of course, violated when a prosecutor comments on a defendant's failure to take the stand. *Griffin v. California,* 380 U. S. 609, 14 L. Ed. 2d 106, 85 S. Ct. 1229; *United States v. Nolan,* 416 F. 2d 588 (10th Cir. 1969). But not all comment upon failure to present a defense constitutes a comment on the defendant's failure to testify. "It is permissible for the prosecutor to call the jury's attention to the fact that the evidence against the defendant is uncontradicted, especially when the facts in issue could have been controverted by persons other than the defendant." (*United States v. Lepiscopo,* 458 F. 2d 977, 979 [10th Cir. 1972.].) See also, *State v. Erhart,* 176 Kan. 589, 272 P. 2d 1097; Anno., Accused's Failure to Testify—Comment, 14 A. L. R. 3d 723. In this case, where the defendant had served notice of alibi, we do not think the prosecutor's argument that the state's case was unrebutted was designed or could fairly be read as a comment on his failure to testify.

Even if it could be so construed, we think the defendant has affirmatively waived the point. Counsel after consultation with the defendant specifically declined to ask for a mistrial. Instead he asked for an admonition to the prosecutor, which was given. This was clearly and unarguably trial strategy, agreed upon by the defendant and his counsel, and the defendant is bound by his choice.

*Johnson v. United States*, 318 U. S. 189, 87 L. Ed. 704, 63 S. Ct. 549, is a closely parallel case. There the prosecutor commented on the accused's refusal to answer questions on cross-examination after the trial court upheld his assertion of the Fifth Amendment privilege. Objection to the argument was made but later withdrawn, and the defense made no further objection or any request to instruct the jury. The Court concluded that the defendant had "expressly waived any objection to the prosecutor's comment by withdrawing his exception to it and by acquiescing in the treatment of the matter by the court." (p. 200.) Observing that this was not a matter of inadvertence or oversight, the Court concluded:

". . . We cannot permit an accused to elect to pursue one course at the trial and then, when that has proved to be unprofitable, to insist on appeal that the course which he rejected at the trial be reopened to him. However unwise the first choice may have been, the range of waiver is wide. Since the protection which could have been obtained was plainly waived, the accused cannot now be heard to charge the court with depriving him of a fair trial. The court only followed the course which he himself helped to chart. . . ." (*Id.* at 201.)

We reached a similar result in *State v. Buggs*, 219 Kan. 203, 547 P. 2d 720. There the appellants argued that juror misconduct required a new trial. The alleged misconduct, known to appellants, was not brought to the court's attention until after conviction when they filed a motion for a new trial. In holding that the objection came too late, this court stated:

". . . If the alleged misconduct is brought to the court's attention a hearing may be held and the situation remedied, if that is possible. If not, a mistrial may be declared immediately without wasting the time and expense required to complete the trial. The rule is a corollary of the contemporaneous objection rule as to evidence (K. S. A. 60-404; *State v. Estes,* 216 Kan. 382, 532 P. 2d 1283) and the requirement of an objection to erroneous instructions (K. S. A. 60-251 [*b*]; *Apperson v. Security State Bank,* 215 Kan. 724, 528 P. 2d 1211). A party is not permitted to remain silent in the face of known error, gamble on the verdict, and show his hole card only if he loses." (p. 208.)

Here, the defendant having specifically declined to request a mistrial based on the alleged error, he cannot now urge that the error entitles him to a new trial.

Defendant next alleges that the trial court erred in refusing to permit counsel to cross-examine one of the state's witnesses about an alleged arrest for housebreaking several weeks earlier. The contention is without merit. The evidence could have no conceivable

relevance except to affect the credibility of the witness. Attacks on credibility are covered by K. S. A. 60-421 and 422. Section 421 provides:

"Evidence of the conviction of a witness for a crime not involving dishonesty or false statement shall be inadmissible for the purpose of impairing his credibility."

The clear import is that only relevant *convictions* are admissible. The witness had not been convicted.

Section 422 in part provides:

"As affecting the credibility of a witness . . . (*d*) evidence of specific instances of his conduct relevant only as tending to prove a trait of his character, shall be inadmissible."

This latter section was most recently discussed in *State v. Humphrey*, 217 Kan. 352, 363-4, 537 P. 2d 155. There the defendant sought to cross-examine on and introduce direct evidence of specific instances of a state drug agent's past activities in the world of vice. We concluded that because the evidence went solely to credibility § 60-422 (*d*) made it inadmissible. See Syl. para. 9. Under that rule evidence of this specific instance of wrongdoing which had not resulted in a conviction was clearly inadmissible, as the trial court ruled.

Appellant also cites K. S. A. 60-455, but we are unable to see how that section is applicable. It "is directed against the idea that when it is shown that a person committed a crime on a former occasion there arises an inference that he has a disposition to commit crime and therefore committed the crime with which he is now charged." (Advisory Committee Notes in Gard, Kansas Code of Civil Procedure Annotated, § 60-455. See also, *State v. Bly*, 215 Kan. 168, 523 P. 2d 397.) The witness here was, of course, not charged with a crime, and 60-455 is simply not pertinent.

As his fourth point defendant urges that when the jury in the first trial allegedly deadlocked 10-2 in favor of acquittal, reasonable doubt was legally established and the second trial constituted double jeopardy.

No authority is presented in support of this position. Indeed, in his brief defendant says, "[k]nowing full well that the rule as currently applied is against him, this defendant nevertheless urges the Court to change this rule."

His concession is made advisedly. Just last year, in examining this kind of claim, we reiterated the long standing rule:

"Where a jury has been dismissed because of failure to agree on a verdict,

jeopardy has not attached in a legal sense and the defendant may be placed on trial a second time on the same charge." (*State v. McKay*, 217 Kan. 11, 535 P. 2d 945, Syl. para. 4.)

McKay had a far stronger claim to former jeopardy than defendant here. McKay's first jury unanimously agreed he was not guilty of second degree murder as charged, but deadlocked over the degree of manslaughter. We held that a mistrial was properly declared under K. S. A. 22-3423, and jeopardy was no bar to another trial, even on the original second degree murder charge.

*Johnson v. Louisiana*, 406 U. S. 356, 32 L. Ed. 2d 152, 92 S. Ct. 1620; and *Apodaca v. Oregon*, 406 U. S. 404, 32 L. Ed. 2d 184, 92 S. Ct. 1628, hold that a less than unanimous verdict of guilty is constitutionally permissible. They do not hold that a less than unanimous vote of not guilty must be deemed an acquittal. It is not deemed so by our statute or by our rule of ancient vintage. No persuasive reason is advanced for adopting a different rule now, and we adhere to the rule as stated in *McKay*.

Finally, defendant complains that an instruction on the lesser included offense of kidnapping was given under a charge of aggravated kidnapping. This point was not designated as a point on appeal and is not argued in the brief. It is raised only by a taped-in overlay in the summary of points at the beginning of defendant's brief, and is obviously an afterthought. Under these circumstances the point is not properly before us. Rule No. 6 (*d*), 214 Kan. xxiii; and cf., *State, ex rel., v. Unified School District*, 218 Kan. 47, 542 P. 2d 664; *Basker v. State*, 202 Kan. 177, 446 P. 2d 780; *Tate v. State*, 196 Kan. 435, 411 P. 2d 661.

In addition, the point is without merit. Defendant made no objection to the instruction, and giving it was to his advantage. Cf., *State v. Carpenter*, 215 Kan. 573, 527 P. 2d 1333; *State v. Bradford*, 219 Kan. 336, 548 P. 2d 812.

The judgment is affirmed.

APPROVED BY THE COURT.