No. 24,147.

THE STATE OF KANSAS, *Appellee*, v. MARGARET MALL, *Appellant*.

SYLLABUS BY THE COURT.

1. LARCENY—*Evidence—Documents—Cross-examination.* It is not error to exclude documents proffered on cross-examination to which no reference was made to the direct testimony of a witness.

2. SAME—*Evidence—Civil Action Against Accused for Value of Goods Alleged to be Stolen.* A defendant in a larceny case has a right to show the history and disposition of a civil action brought against her by the prosecuting witness for the value of the goods alleged to be stolen by her, but to do so she must make the witness her own, or show it otherwise by evidence adduced in her behalf.

3. SAME. Under the crimes act, section 24, a person whose goods have been stolen may sue the thief for the value thereof, and this right is not dependent upon the pendency or outcome of a criminal prosecution for the theft of the goods.

4. SAME—*Evidence—Other Goods Seized in Defendant's Room—Instruction.* The instructions properly limited the effect of testimony touching a large amount of goods seized in the defendant's room, other than the articles for the theft of which she was on trial. Such evidence was competent as tending to show that the goods for whose theft she was on trial were taken pursuant to a system of thieving pursued by the defendant.

5. SAME—*Competent Evidence to Show Value of Merchandise Stolen.* Where articles are stolen from the store of a retail merchant, the value of the stolen articles (for the purpose of showing whether the offense was grand or petit larceny) may be sufficiently proved by showing the retail selling price of such articles in the community where the thefts were committed.

6. SAME—*Conviction of Petit Larceny on One Count.* In one count of larceny, the evidence tended to show that the stolen article was worth more than $20, but the defendant was convicted of petit larceny therefor. *Held,* not error.

7. SAME—*Crimes Charged Larceny and Not Embezzlement.* The contention that the defendant's crimes, if any, were offenses of embezzlement and not larcenies, examined, and not sustained.

Appeal from Clay district court; FRED R. SMITH, judge. Opinion filed October 7, 1922. Affirmed.

*O. E. Peterson,* of Clay Center, and *Edgar Bennett,* of Washington, for the appellant.

*Richard J. Hopkins,* attorney-general, and *William M. Beall,* county attorney, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The defendant was convicted on two counts of grand larceny and one count of petit larceny for specified thefts of goods from her employer, a dry-goods company in Clay Center.

Various errors are assigned; and it is argued in her behalf that her several abstractions of goods from her employer's establishment were not larcenies but purchases on account; that if she was guilty of wrongdoing it was embezzlement and not larceny; and she complains of the exclusion of evidence, and that the value of the goods was not properly proved.

Noting these matters in the order presented, the first contention is that the trial court erred in excluding the evidence of a petition and stipulation for judgment in a civil action by her employer against her for $10,000 for divers goods appropriated by her during the last six years. Counsel for defendant sought to introduce this petition and stipulation as a part of the cross-examination of the state's chief witness, the proprietor or manager of the dry-goods company. This witness had not testified on direct examination to anything pertaining to this civil action, and therefore it was not within the scope of proper cross-examination. (*Seifert v. Schaible,* 81 Kan. 323, 105 Pac. 529.) The defendant had the right to explain this civil action and settlement. She could have made the proprietor her own witness, or shown the facts by other witnesses, but no evidence was offered in her defense. (*Reeves v. Brown,* 80 Kan. 292, 102 Pac. 840.) If there was any merit in the present contention that the goods in controversy had been purchased, and that the mere relation of debtor and creditor between herself and her employer arose therefrom, there should have been a formal presentation of some evidence to that effect, not a futile reliance on an inference or argument to be founded on these documents irregularly dragged in by improper cross-examination. Moreover, the excluded petition and stipulation merely showed that after her arrest on the criminal charge her employer filed a civil action charging her with appropriating to her own use $10,000 worth of dry goods, and that she immediately paid over that large sum in cash, and that the action was settled and dismissed. There was evidence that following her arrest her room had been searched and a vast amount of goods was found therein and that she admitted she had been taking

The State v. Mall.

goods from her employer for several years—that this was a habit of hers. It cannot be discerned how the excluded evidence would have helped her plight, for certainly her employer had a perfect right to sue her for the value of all the goods she had appropriated, notwithstanding the original action and regardless of the outcome of that action. (Crimes act, § 24, Gen. Stat. 1915, § 3351; 1 C. J. 50.)

Complaint is also made because the jury was shown a large amount of goods seized in defendant's room, other than those for the theft of which she was on trial. But the trial court properly limited the significance to be attached to that evidence. It was competent to show the method and intent of the defendant. As part of the state's case on the particular larcenies charged against her, it was competent to show that she had a system of thieving and that the particular thefts charged were pursuant to that system. (*The State v. Ridgway,* 108 Kan. 734, 736, 197 Pac. 199; *Commonwealth v. Coyne,* 228 Mass. 269, 3 A. L. R. 1209, and note, 1213.)

The next error urged relates to the insufficiency of the evidence of value pertaining to the stolen goods; but this contention lacks merit. While some of the testimony as to values was not to the point, as where the proprietor testified that certain of the articles were *worth* $6, and others *worth* 85 cents per suit, and the like, yet there was no want of evidence showing the retail selling price of these articles in Clay Center, and retail selling price is market value and was a proper basis for determining values in a case of larceny of goods from a retail store. (*The State v. Brown,* 55 Kan. 611, 40 Pac. 1001.)

A point is sought to be made because of the wide difference between the jury's findings of values and the values testified to by the state's witnesses. But the only importance attaching to the jury's findings of values was to determine whether the crimes involved in the several counts were grand or petit larceny. This disparity between the evidence and the verdict resulted in a conviction of defendant of petit larceny on one count when the evidence seemed to show that the value was over $20 and that a conviction for grand larceny should have followed. But that is certainly not prejudicial error.

Touching the argument that the defendant's crimes, if any, were offenses of embezzlement and not larcenies, the evidence did not show that defendant had legal possession of the goods and that she

converted them to her own use. The evidence merely showed that she had a methodical system of pilfering from her employer, and that she had long pursued that system, and that pursuant thereto she stole, took and carried away the specific goods for which she was charged and for which she was convicted.

There is no error in the record, and the judgment is affirmed.