No. 25,417.

THE STATE OF KANSAS, *Appellee*, v. ERNEST BARTHOLOMEW, *Appellant.*

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Information—Larceny—Allegations of the Title to Property Stolen.* In an information charging larceny, the title to the property may be alleged to be in the person in whose possession it was when it was stolen, although the ownership may be in some other person.

2. SAME—*Larceny—Evidence—Stolen Goods Found in Possession of Defendant—Weight of Evidence for the Jury.* There was evidence which tended to show that property was stolen on July 7 and was found in possession of the defendant on July 21 following. *Held,* The time between the taking and the finding was not so great as to render the evidence of no force or effect.

3. SAME—*Evidence—Change of Engine Numbers on Stolen Automobile—Other Cars With Changed Numbers Found in Possession of Defendant.* Evidence is competent which tends to show that the engine numbers on a stolen automobile found in the possession of the defendant had been changed after the automobile had been stolen and that other cars with changed or altered numbers were found in possession of the defendant at the same time.

4. SAME—*Trial Court, in Its Discretion, May Sentence Defendant to State Penitentiary or State Industrial Reformatory.* The trial court, in its discretion, may sentence a defendant who is twenty-three years old and who is convicted of grand larceny, to either the state penitentiary or the state industrial reformatory.

Appeal from Sedgwick district court, division No. 1; THOMAS E. ELCOCK, judge. Opinion filed July 5, 1924. Affirmed.

*Clement F. Clark,* of Wichita, for the appellant.

*C. B. Griffith,* attorney-general, *W. A. Blake,* county attorney, *H. C. Castor, John W. Wood,* deputy county attorneys, and *George Seifkin,* of Wichita, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant, twenty-three years old, appeals from a judgment convicting him of grand larceny and sentencing him to the penitentiary.

1. The defendant contends that "there was a fatal variance between the pleading and proof on the part of the state," and that the court erred in overruling the demurrer to the evidence of the state, in denying the motion to discharge the defendant, in submitting the case to the jury, and in its instruction to the jury.

The information charged the defendant with larceny of an automobile, valued at $618, "the personal property of J. E. Klintworth." The undisputed testimony shows that the automobile was the property of the Motor Equipment Company and that J. E. Klintworth had the temporary custody of it as an employee of the company. Concerning proof of ownership of the car the court instructed the jury as follows:

"You are instructed that, before you can find the defendant guilty of grand larceny of an automobile, the state must prove to your satisfaction, beyond a reasonable doubt, the following propositions:  .  .  .

"That it was the property of J. E. Klintworth.  .  .  .

"Proof, in the manner required by these instructions, that at the time in question the motor was rightfully in the possession of the said J. E. Klintworth, as the agent, servant and employee of the Motor Equipment Company, will be sufficient to satisfy the requirement of law that the motor vehicle must have been the property of J. E. Klintworth."

The defendant cites *The State v. Beaty*, 62 Kan. 266, 62 Pac. 658, where this court said:

"A person having the mere custody or temporary use of personal property in the capacity of servant of the owner, and who could not maintain an action for trespass as bailee for injury to the same, is not properly designated as the owner in an information for larceny." (Syl. ¶ 2.)

Contrary to the rule stated in *The State v. Beaty*, this court in *The State v. Pigg*, 80 Kan. 481, 103 Pac. 121, declared that—

"The actual status of the legal title to stolen property is no concern of the thief. In an information charging larceny the title to the property may be laid either in the owner or the person in whose possession it was when it was taken, even though that person had stolen it from someone else." (Syl. ¶ 6.)

In the opinion in the latter case the court said:

"The information alleged that the money was the property of John McIntosh. He testified that the money belonged to his father, and that when he left home he just took it. This cannot be held to constitute a variance, because the actual status of the legal title to stolen property is no concern of the thief. The possession of the property in the complaining witness was sufficient to make it the subject of larceny, and the title may be laid either in the owner or the person from whom it was taken. This is the law even where the person from whom it was taken had stolen it from some one else." (p. 488.)

The rules declared in these cases are contradictory; they cannot be reconciled. What was said in *The State v. Pigg* accords with good reasoning and the weight of authority. That rule is adhered to. In so far as *The State v. Beaty* conflicts with *The State v. Pigg*, it must be said that the latter decision overruled the former. It follows that the instruction complained of was good.

2. The defendant contends that there was not sufficient evidence on which to submit the case to the jury nor to support the verdict of guilty.

Under this head it is argued that discovery of the car in the unexplained possession of the defendant was not so soon after the theft of the car as to justify the inference of his guilt. The car was stolen from the street where it was parked on July 7, and was found in the possession of the defendant July 21. In 17 R. C. L. 73, this language is found:

"The length of time that must elapse after the larceny of goods before their possession should cease to be considered as tending with other facts to show guilt is, as a rule, purely a question of fact for the jury."

The evidence was competent. Its sufficiency was for the jury.

Defendant also argues that there was not sufficient evidence to identify the car in his possession as the stolen car. There was evidence which tended to show that the car in possession of the defendant was the stolen car. The sufficiency of that evidence was for the jury.

3. The defendant complains of the admission of certain testimony which tended to show that at the time the stolen car with changed or altered engine numbers was discovered in his possession, he had two other cars, the engine numbers of which had been changed or altered. In *The State v. Ridgway*, 108 Kan. 734, 197 Pac. 199, where the defendant had been convicted of grand larceny, this court said:

"Under the circumstances stated in the opinion, evidence relating to the subject of commission of other larcenies by the defendant was properly admitted at her trial on the charge of grand larceny."

That rule was followed in *The State v. King*, 111 Kan. 140, 144, 206 Pac. 883, and *The State v. Mall*, 112 Kan. 63, 65, 209 Pac. 820.

4. The defendant contends that the "trial court erred in sentencing the appellant to the Kansas state penitentiary at Lansing, Kansas," and argues that he should have been sentenced to the Kansas state industrial reformatory at Hutchinson. Section 76-2306 of the Revised Statutes, in part, reads:

"Any male person between the ages of sixteen and twenty-five who shall be convicted for the first time of any offense punishable by confinement in the state penitentiary may, in the discretion of the trial judge, be sentenced either to the state penitentiary or to the Kansas state industrial reformatory."

No error has been shown; the judgment is affirmed.