**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Ralph Michael LEPISCOPO, Defendant-Appellant.**

No. 71-1379.

United States Court of Appeals, Tenth Circuit.

April 18, 1972.

Ralph Michael Lepiscopo, pro se.

Robert J. Roth, U. S. Atty., and Richard L. Meyer, Asst. U. S. Atty., on brief, for plaintiff-appellee.

Before LEWIS, Chief Judge, DOYLE, Circuit Judge, and WINNER, District Judge.

PER CURIAM.

The appellant Lepiscopo was tried before a jury in the District Court for the District of Kansas and found guilty of a violation of 18 U.S.C. § 1792, conveying from place to place within a United States penitentiary a weapon designed to kill, injure or disable any officer, agent, employee or inmate. The appellant was confined in the federal penitentiary at Leavenworth, Kansas at the time of the offense. The weapon involved was a knife made from a 12-inch piece of ⅛-inch steel sharpened to a point on one end and wrapped with string and tape for a grip at the opposite end, clearly a weapon within the meaning of the statute.

 Throughout the proceedings in this case the appellant conducted his own defense. He steadfastly refused the assistance of counsel even though the trial judge, over appellant's objection, had appointed "stand-by" counsel to provide assistance if appellant requested it. The appellant's defense to the charge was that he was insane at the time of the offense. The defense of insanity is not a simple one, and it is apparent from the record that the appellant needed an attorney. But as the trial judge recognized, an accused cannot be forced to accept an attorney's services even when appointed by the court. It is also apparent from the record that much of the appellant's conduct at the trial was intended to harass both court and counsel, and generally disrupt the judicial process. The trial judge is to be commended for his patience and diplomacy in handling a difficult situation.

 In his appeal pro se the appellant claims that he was denied his right to compulsory process. He requested several witnesses, five of these were denied by the trial judge. Two of those denied were expert witnesses from Atlanta, Georgia, where the appellant had been imprisoned prior to transfer to Leavenworth; the remainder were inmates at other federal prisons. Rule 17(b) Fed.R.Crim.P. provides that witnesses will be subpoenaed at government expense "upon a satisfactory showing that the defendant is financially unable to pay the fees of the witness and that the presence of the witness is necessary to an adequate defense." A motion to have a witness produced at government expense is addressed to the sound discretion of the court and is not an absolute right. United States v. Mason, 10 Cir., 440 F.2d 1293; Speers v. United States, 10 Cir., 387 F.2d 698, cert. denied, 391 U.S. 956, 88 S.Ct. 1864, 20 L.Ed.2d 871. These witnesses were to testify on the insanity issue. None of them had seen or talked to the defendant for over a year prior to the offense. The court justifiably ruled that their testimony was not necessary to an adequate defense. There was no abuse of discretion by the trial judge.

The appellant complains on appeal that he was not allowed by the trial judge to examine a certain report in possession of the F.B.I. agent who testified at the trial. He claims this was a violation of his rights under the Jencks Act, 18 U.S.C. § 3500. The Jencks Act provides that after a witness has testified on direct examination, the government must produce any written statement of the witness in its possession "which relates to the subject matter as to which the witness has testified." The "statement" that appellant requested was an F.B.I. report concerning the indictment and arraignment of appellant. The report did not relate to anything in the witness testimony on direct examination nor does it appear to be a producible "statement" within the meaning of 18 U.S.C. § 3500(e).

The appellant argues for reversal on the grounds that the prosecuting attorney, in his closing argument commented on the appellant's failure to testify. Such a comment is reversible error. United States v. Nolan, 10 Cir., 416 F.2d 588. But the prosecutor's comment was not of that type. After summarizing and reviewing to the jury the government's evidence, the prosecutor commented, "All of this evidence is uncontradicted." It is permissible for the prosecutor to call the jury's attention to the fact that the evidence against the defendant is uncontradicted, especially when the facts in issue could have been controverted by persons other than the defendant. Doty v. United States, 10 Cir., 416 F.2d 887.

The appellant complains that the trial judge gave an erroneous instruction on insanity. There is no merit whatsoever to this contention as the trial judge gave the instruction approved by this court in Wion v. United States, 10 Cir., 325 F.2d 420.

The appellant concludes with the generalization that he did not receive a fair trial. The record does not support this contention.

Affirmed.