No. 46,375

CHESTER L. CLINTON, *Appellant*, v. STATE OF KANSAS, *Appellee*.

(502 P. 2d 852)

Opinion filed November 4, 1972.

*Leonard D. Munker*, of Wichita, argued the cause, and *Richard L. Hilton*, of Wichita, was with him on the brief for the appellant.

*Wallace W. Underhill*, Assistant County Attorney, argued the cause, and *Vern Miller*, Attorney General, and *Keith Sanborn*, County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: This is a direct appeal in a criminal action in which Chester L. Clinton (defendant-appellant) was tried to a jury and convicted of felony theft pursuant to K. S. A. 1971 Supp. 21-3701 (*a*). The court, having found that defendant had previously been convicted of two felonies, applied the Habitual Criminal Act, K. S. A. 1971 Supp. 21-4504 in imposing sentence. The facts of this case are undisputed and no detailed statement is necessary. The evidence was sufficient to show that appellant shoplifted a coat from a retail store.

Appellant's first point of error for reversal is that there was insufficient evidence to support a finding that the stolen coat had a value of $50 or more which would make the offense a felony. Appellant further contends that the trial court's instruction on value was erroneous because it failed properly to instruct on the meaning of market value and, as given, was a comment on the evidence. The record indicates that evidence was introduced as to both the retail and wholesale price of the coat, the former being $69.95 and the latter being $37.80. The testimony also showed the procedure for

determining retail value by taking into account the operating expenses of the store. Furthermore the coat itself was admitted into evidence, and thus the jury was able to examine it. The law is clear that the retail price of stolen property may be admitted to show the value of property taken so as to establish the degree of the crime. (*State v. Mall*, 112 Kan. 63, 209 Pac. 820.) We hold the evidence in this case clearly sufficient to uphold the jury's determination as to the value of the coat. We have examined the trial court's Instruction No. 10. Although slightly argumentative, this instruction presents a correct statement of the law. We find no reversible error in its presentation to the jury by the trial judge.

Appellant's second point challenges the qualifications of the jury which convicted appellant. The thrust of appellant's argument is that the district court erred when it permitted three jurors to try appellant's case when these same individuals had served as members of the panel on another jury previously the same week. The appellant contends that K. S. A. 43-103 should be interpreted to mean that an individual is prohibited from sitting on more than one jury case during any one year. K. S. A. 43-103, now repealed, in substance prohibited the selection of persons for the jury list who actually served as jurors during the year next preceding the date of selection. We find appellant's argument without merit. In *State v. Hamilton*, 74 Kan. 461, 87 Pac. 363, this court construed section 3797 of the General Statutes of 1901, which statute is identical in language with K. S. A. 43-103. It was held that the words "during the year next preceding such selection" meant the preceding year, counting back from the time of the making of the jury list. It is clear that persons selected for jury service pursuant to K. S. A. 43-101 and 43-102, both now repealed, were eligible to serve as jurors for the ensuing year following their selection as members of a jury panel.

Appellant's final point of error is that the trial court was not justified in invoking the provisions of the Habitual Criminal Act, K. S. A. 1971 Supp. 21-4504. It is argued that under the circumstances of this case a sentence of five to fifteen years for felony theft is excessive punishment and thus in violation of the Eighth Amendment to the United States Constitution. The cases are legion in upholding the constitutionality of the Habitual Criminal Act. See *State v. Caldrone*, 205 Kan. 828, 473 P. 2d 66, cert. den. 401 U. S. 916, 27 L.

Ed. 2d 817, 91 S. Ct. 896 (1970). The trial court did not err in its application of K. S. A. 1971 Supp. 21-4504 in imposing sentence in this case.

The judgment of the district court is affirmed.