No. 47,730

STATE OF KANSAS, *Appellee,* v. RODNEY ROGERS, *Appellant.*

(537 P. 2d 222)

Opinion filed June 14, 1975.

*Charles W. Thompson,* of Kansas City, Kansas, argued the cause, and *David K. Duckers,* also of Kansas City, was with him on the brief for the appellant.

*Philip L. Sieve,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, and *Nick A. Tomasic,* district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

OWSLEY, J.: This is a direct appeal by the defendant-appellant, Rodney Rogers, after being found guilty by a jury on seven counts of felony theft in violation of K. S. A. 21-3701 (*a*). Appellant was sentenced to a term of not less than one year nor more than ten years on each count, said sentences to run concurrently. Following denial of his post-trial motions, Rogers appealed, alleging numerous trial errors. He will be referred to as Rogers or appellant.

At all times material hereto, Rogers was the owner-operator of a retail liquor store. On September 11, 1973, an information was filed in the district court of Wyandotte County, Kansas, charging Rogers and his mother, co-defendant Helen Rogers, with seven counts of felony theft by having obtained or exerted unauthorized control over certain specified men's suits with the intent to deprive the owner of the possession and use thereof. Charges against the two defendants arose out of an investigation conducted by the Federal Bureau of Investigation into the burglary and theft of sev-

eral men's clothing stores. The state presented testimony from various witnesses indicating that two special agents of the F. B. I. contacted Rogers for the purpose of buying men's suits which they believed to be stolen. They were directed by Rogers to the nearby residence of his mother where they were shown approximately sixty suits for sale at greatly reduced prices. Both Rogers and his mother were later arrested and tried jointly for theft of the suits. The jury found Rogers guilty as charged, but acquitted his mother.

Appellant's initial claim on appeal is that there was insufficient evidence to support a conviction. He testified that he purchased the suits from a customer of his liquor store who represented himself to be a clothing salesman with some closed-out merchandise, that he paid the salesman $2,500 for about one hundred suits, and that he had no knowledge the suits were stolen property.

While the state has the burden to establish the crime beyond a reasonable doubt, the issue on appeal is whether the evidence is sufficient to form a basis for a reasonable inference of guilt when viewed in a light most favorable to the state. (*State v. Platz,* 214 Kan. 74, 519 P. 2d 1097; *State v. Hill,* 211 Kan. 239, 505 P. 2d 704.) It is the function of the trier of fact, and not the reviewing court, to weigh the evidence and pass on the credibility of the witnesses. We have reviewed the record in its entirety, and, while the evidence is not overwhelming, we nonetheless feel it was sufficient to form a basis for a reasonable inference of guilt when viewed in a light most favorable to the state.

Agent Telford Brock, Jr., testified he was a special agent with the F. B. I., assigned to the Kansas City Division. Agent Brock stated he first came in contact with the defendants when he phoned Rogers at his liquor store and told him an acquaintance had said he might be able to purchase some suits from Rogers at less than the retail price. According to the agent's testimony, Rogers asked for the name and description of the acquaintance. When Brock later arrived at the store, Rogers sent him to his mother's house where he was shown a room containing approximately sixty suits.

Agent Brock further testified Mrs. Rogers told him she originally had two hundred suits and she was afraid she could lose her insurance license because they were "hot" suits. At one point he heard Mrs. Rogers say she "should have killed Rod [appellant] when he was a baby." When he was looking at one of the more expensive suits, Mrs. Rogers said it was the "hottest" one she had and that

was the reason she took the tags out. Brock's testimony was corroborated by a fellow agent, David Spencer.

Julius Sander, an Overland Park tailor, testified state's exhibits one through six were suits stolen from his clothing store.

Harold Brents testified on behalf of appellant. He said he was appellant's accountant and he had purchased a suit from appellant. No mention was made to him about the suits being "hot" and there was no attempt to conceal the sale.

Robert Desbien, appellant's friend for twenty-five years, stated appellant called him to ask his opinion as to the feasibility of buying and reselling some suits that were closed-out or distressed merchandise. He also later purchased one of the suits from appellant.

Bob Sands, another long-time friend of appellant, stated he helped move the suits from appellant's apartment to his mother's apartment. This was done in the open, without any attempt to conceal the goods. Appellant told him he bought some of the suits from a customer who was being transferred out of town.

The co-defendant, Helen Rogers, testified appellant told her he had purchased a few suits at a close-out sale. She claims she told the F. B. I. agents the suits were being sold for a hot price, and did not tell them the suits were "hot" in the sense of having been stolen.

Unfortunately for appellant, the jury did not believe his explanation as to how he acquired the stolen property. The jury had the witnesses before it and was able to observe their demeanor and assess their credibility. Applying the previously stated rule for appellate review of criminal convictions, we find no error in the trial court's acceptance of the jury's verdict.

Under the second point of appellant's brief we are faced with several claims of error flowing from the alleged misconduct of the prosecutor during the trial. One of appellant's complaints is that the prosecutor committed prejudicial error in the state's closing argument when he referred to appellant as being guilty of a prior offense and being a criminal.

We have examined the record and the included portions of the state's closing argument and find no basis for predicating reversible error. Appellant's objection to the use of the words "guilty" and "criminal" have been taken out of context and a proper reading shows the state did not refer to appellant as a criminal, but was merely referring to others convicted of a crime by the state. Al-

though the prosecutor used the word "guilty," he did so in regard to appellant's admission that he was guilty of selling liquor on credit in violation of unspecified regulations.

Appellant also complains the state failed to confine its argument to the evidence admitted at trial. Although the prosecutor strayed from the evidence in his closing argument and engaged in speculation on several occasions, he was properly admonished by the trial court and no prejudice appears to have resulted from his comments.

We find no prejudice resulted from the endorsement of additional witnesses by the state. Appellant argues the state intentionally suppressed the names of three witnesses it planned to call until two days before trial, when it filed a motion to endorse the additional witnesses. The trial court sustained the motion and appellant contends he was given no opportunity to prepare for the three "surprise" witnesses.

K. S. A. 22-3201 (6) provides the prosecuting attorney shall endorse on the information the names of all witnesses known to him at the time of filing. Our cases construing this section and its predecessor, G. S. 1949, 62-802, have developed the rule that the late endorsement of the names of witnesses rests in the sound discretion of the trial court, and its ruling will not be disturbed in the absence of an abuse which prejudicially affects the right of an accused to prepare his defense. (State v. Blocker, 211 Kan. 185, 505 P. 2d 1099; State v. Foster, 202 Kan. 259, 447 P. 2d 405.)

Although appellant claims the three additional witnesses were available to the prosecution for more than a year prior to trial, and that the prosecution should have known their testimony was necessary to build the state's case, he does not indicate or allege in what manner the late endorsement prejudiced the preparation of his defense. To the contrary, it appears these witnesses testified only as to the custody of the suits during the period from their confiscation until the time of trial. Appellant did not request a continuance nor does the record reflect the raising of any objection to the state's motion at the time of trial.

The additional claims of error under appellant's second point all relate to the state's alleged failure to comply with the pretrial discovery order. A pretrial conference order was filed on October 16, 1973, dealing with matters of discovery by appellant and the state, preliminary motions by appellant, and questions by the court. Appellant's complaints are as follows: (1) Even though the

pretrial conference order required the state to produce the oral statements made to the F. B. I. agents by co-defendant, Helen Rogers, the state failed to produce the same and counsel for appellant was given no opportunity to inspect these statements until the trial. (2) Even though the trial court ordered the prosecutor to furnish appellant's counsel with copies of all statements made by co-defendant at the close of the first day of trial, the state furnished only part of the copies ordered and attempted to conceal others from appellant's counsel. When this was brought to the attention of the trial court, court was recessed until all reports were given to appellant's counsel. (3) The state attempted to introduce an inventory list which it had in its possession and which had not been mentioned in the pretrial discovery order. Although the list was not admitted into evidence, testimony was allowed in reference to the list over objection of appellant. (4) The state used a grand jury transcript to impeach the testimony of the co-defendant even though the pretrial discovery order made no mention that the state had this transcript in its possession or that it would be used in the trial.

The pretrial conference order made by the trial court in the instant case was comparable to an order for discovery and inspection issued pursuant to K. S. A. 22-3212 of the new code of criminal procedure (effective July 1, 1970). Upon motion of a defendant, that section permits a broad range of discovery to be made available at the discretion of the trial court. Rulings of the trial court on a defendant's motion for discovery of evidence in the state's possession are within the discretion of the trial court and will be set aside by this court only upon a showing of an abuse of that discretion. (*State v. Hill,* 211 Kan. 287, 507 P. 2d 342.)

We have emphasized that once a pretrial discovery order has been issued, it is to be complied with "in spirit as well as in letter." (*State v. Jones,* 209 Kan. 526, 498 P. 2d 65, quoting from *Pierce v. United States,* 414 F. 2d 163 [5 Cir. 1969].) We will not condone intentional failure to comply with the explicit terms of a discovery order. Nevertheless, the trial court is vested with wide discretion in dealing with the failure of a party to comply with a discovery and inspection order. (*State v. Jones,* supra, Syl. ¶ 1.) We cannot say the action of the trial court in the instant case was an abuse of discretion.

Appellant also objects to the introduction of the grand jury testimony on another ground. He contends it was improper to use

the grand jury testimony of the co-defendant since the trial court made no specific finding as to its admissibility as required by K. S. A. 60-435. That section grants a privilege to a witness and makes temporarily inadmissible, evidence of communications made to a grand jury. Such evidence is inadmissible until the judge first determines (*a*) the matter which the communication concerned was not within the function of the grand jury to investigate, (*b*) the grand jury has finished its investigation and made public its finding, or (*c*) a disclosure should be made in the interest of justice.

Appellant is correct that the trial court made no specific finding as required by 60-435 prior to admitting the grand jury testimony of the co-defendant. Although the trial court erred in admitting such testimony for failure to make specific findings, we cannot set aside the verdict or reverse the conviction on this ground. Appellant's objection to the introduction of the evidence was directed at the lack of a proper foundation by the prosecution. No mention was made of any violation of the rule contained in 60-435. K. S. A. 60-404 declares the erroneous admission of evidence shall not be ground for reversal unless there is a timely and specific objection. (*State v. Kliewer*, 210 Kan. 820, 504 P. 2d 580.)

Appellant next contends the trial court erred in instructing the jury that they could make their own determination as to the value of the suits charged as stolen in Counts III, IV, and VIII. Appellant bases his contention on the fact that Julius Sander, owner of the suits which were the subject of these counts, testified his actual cost for each of the suits involved was between $41.00 and $45.00, or less than the statutory minimum amount for charging felony theft under K. S. A. 21-3701. Appellant argues the owner's testimony as to his cost for determining value on the three counts is the "best evidence," and the jury should have been instructed they could only find the appellant guilty of a misdemeanor.

Appellant fails to mention, however, that on direct examination Sander testified the retail price of each of the suits in question was well in excess of the $50.00 minimum for charging felony theft. Furthermore, the suits were admitted into evidence and taken to the jury room during deliberation. Where there is evidence of both the retail and wholesale price of a stolen article, it is not error for the trial court to permit the jury to make their own determination as to the value of the property taken in order to establish the degree of the crime. (*Clinton v. State*, 210 Kan. 327, 502 P. 2d 852.)

Finally, appellant contends the jury's verdict convicting him of

felony theft should be set aside as wholly inconsistent with the judgment of acquittal awarded the co-defendant, Helen Rogers. We are aware of the factual similarity of the evidence offered against both defendants, and, while it is difficult to imagine how the jury could convict appellant and not the co-defendant, we need not reach that issue. In a long line of cases it has been firmly established by this court, as well as most other jurisdictions, that consistency in the verdict is not necessary. (*Dunn v. United States*, 284 U. S. 390, 76 L. Ed. 356, 52 S. Ct. 189, 80 A. L. R. 161; *State v. Freeman*, 198 Kan. 301, 424 P. 2d 261; *Odom v. United States*, 377 F. 2d 853 [5th Cir. 1967]; 22 A. L. R. 3d 705, and cases cited therein.)

The judgment of the trial court is affirmed.

FROMME, J., not participating.