No. 48,189

STATE OF KANSAS, *Appellee,* v. ANTHONY D. SPRAY, *Appellant.*

(558 P. 2d 129)

Opinion filed December 11, 1976.

*James W. Wilson,* of Hodge, Wood, and Wilson, of Wichita, was on the brief for the appellant.

*Curt T. Schneider,* attorney general, *Keith Sanborn,* district attorney, and *Robert L. Kennedy, Jr.,* assistant district attorney, were on the brief for the appellee.

*Per Curiam:* The only questions presented on this appeal in the appellant's statement of points relate to the admissibility of evidence. He was convicted by a jury of attempted theft, a class E felony under K. S. A. 21-3301. The only issue for review is whether the admissible evidence supports a finding, inherent in the verdict, that the merchandise sought to be taken was of a value of more than fifty dollars.

The merchandise consisted of three packages of wrenches taken from the hardware department of the Sears-Roebuck retail store in Wichita. The testimony of one Sears employee described the method, with which he was familiar, of pricing and placing retail price tags on new merchandise placed on the counters for sale. The price tags on the three packages showed a total retail value on the date of the attempted theft of $56.77.

Another employee, also familiar with pricing practices, obtained his valuation figures from checking the records from the stock numbers of the items, arriving at the same result.

The objection to the evidence was that it was inadmissible hearsay. Evidence of retail prices for new merchandise is proper evidence of market value for the purpose of establishing the degree of crime. (*State v. Rogers,* 217 Kan. 462, 467, 537 P. 2d 222, 227; *Clinton v. State,* 210 Kan. 327, 328, 502 P. 2d 852, 853.) (See, also, *State v. Mall,* 112 Kan. 63, 209 Pac. 820, Syl. 5.)

While the testimony was not in the form of opinion as to value, the retail prices were established by the store records. The price tags were placed on the merchandise in the due course of business. The price tags were in evidence. The foundation testimony was sufficient to qualify the price tags under K. S. A. 60-460 (*m*) as

memoranda or records of acts to prove the facts stated, made in the regular course of business by a method and under circumstances as to indicate their trustworthiness. The same may be said of the stock numbers which led one witness to the price records.

As the result of cross-examination of the state's witnesses it was shown that the mark-up over cost prices in retail merchandising at Sears was about 45%, putting the value at wholesale below the fifty dollar figure. But on redirect examination it was established that the difference was largely absorbed by overhead costs so that the retail prices actually represented only a 5% profit. On the basis of 95% of retail the value of the articles was fixed at $53.97. Where there is evidence of both retail and wholesale prices the determination of actual value is for the jury. ( *State v. Rogers,* supra.)

In his brief appellant says, for the first time, that his constitutional right of confrontation is violated by the admission of the records of retail value. This claim is without merit.

Though it is not one of his points on appeal, appellant now asserts that the evidence does not support the conviction. An examination of the record shows the evidence to be ample to sustain the verdict of guilt of attempted felonious theft.

The judgment of the district court is affirmed.