No. 48,143

STATE OF KANSAS, *Appellee,* v. BILL REESE WILSON and JAMES
MICHAEL WENTWORTH a/k/a THOMAS J. SANDERS, *Appellants.*

(559 P. 2d 374)

Opinion filed January 22, 1977.

*C. W. (Bill) Pate,* of Tulsa, Oklahoma, argued the cause, and *Helen E. Yount,* of Galena, was with him on the brief for appellant Bill Reese Wilson.

*Terry L. Meltzer,* of Tulsa, Oklahoma, argued the cause, and *Helen E. Yount,* of Galena, was with him on the brief for appellant James Michael Wentworth.

*George H. Herrelson, Jr.,* county attorney, argued the cause, and *Curt T. Schneider,* attorney general, and *Oliver Kent Lynch,* deputy county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: Bill Reese Wilson and James Michael Wentworth were convicted of burglary (K. S. A. 21-3715) and felony theft (K. S. A. 21-3701) by a jury in Cherokee County, Kansas. They appeal from their convictions and each raises separate points on appeal.

On January 5, 1975, McGee Drug Store in Columbus, Kansas, was broken into and drugs were taken. A citizen living in that area heard noises emanating from the drugstore and alerted the police. The chief of police went to the location. He parked his police car in the alley, approximately 50' from the back entrance to the drugstore, leaving the headlights on. A large street light was located in the alley near the car. While he was in the alley he observed two men running from the back entrance of the drugstore into the alley. One of the men was carrying a yellow sack which was later identified as containing drugs taken from the store. The sack and its contents were introduced into evidence at the trial. The chief of police pursued the two men and secured Kenneth R. Griffin in handcuffs. He then searched the alley where the second man had disappeared into the shadows. He discovered the form of a body covered with a coat lying beside a downspout. The

chief of police removed the coat and the person underneath turned out to be James Michael Wentworth. The yellow sack containing the drugs was located on the roof of a one story building near the place where the two men had first disappeared into the shadows. Both Griffin and Wentworth were positively identified by the chief of police at the trial. Later investigation established that entry had been gained through a hole in the roof of the drugstore building. A screwdriver, tire tool, black stocking cap and gloves were discovered inside the drugstore. Wentworth and Griffin were booked at the police station and a search of the area was made for a vehicle. A car with an Oklahoma license tag was found parked one block east of the drugstore. The investigating officer became suspicious of this car because it was parked in a parking lot so the license plate was obscured against a building. Bill Reese Wilson was found in the back seat of this car. Wilson was questioned. He then told a story about having taken his girl friend to Wichita, becoming tired on the way home to Tulsa, Oklahoma, and pulling into the parking lot to sleep. The officers became suspicious of Wilson because Columbus, Kansas, is not enroute between Wichita and Tulsa. A search warrant was obtained and a search was made of this car. Wentworth, Griffin and Wilson were charged and convicted of burglary and theft of property valued at over $50.00. Further facts will be developed as we examine specific points on appeal.

Kenneth R. Griffin did not appeal from his conviction and he is not involved in this appeal. Wilson and Wentworth were tried together but each raises separate points on appeal. Their appeals must be considered separately.

## JAMES MICHAEL WENTWORTH

Appellant Wentworth filed a motion at the conclusion of the state's case in chief attacking the sufficiency of the evidence to support his conviction. On appeal he argues that the state failed to introduce evidence that the crimes occurred in Cherokee County, Kansas, as charged in the information. This was not one of the bases for the motion argued in the trial court. No mention of the jurisdictional question was made during the trial. We can find no mention in the testimony of the witnesses that the crimes occurred in Cherokee County; however, there is repeated testimony that McGee Drug Store, the scene of the crimes, was located in the city of Columbus, Kansas.

K. S. A. 60-409 (*a*) in pertinent part provides:

"Judicial notice shall be taken without request by a party, . . . of such specific facts and propositions of generalized knowledge as are so universally known that they cannot reasonably be the subject of dispute."

The city of Columbus is located in Cherokee County and both the jury and the trial court, no doubt, took judicial notice of that fact. There was no evidence that these crimes took place outside of Cherokee County, Kansas. The contention is without merit.

Wentworth argues on the motion that the evidence at the close of the state's case-in-chief was wholly insufficient to establish a prima facie case of guilt beyond a reasonable doubt. His motion must be treated as a motion for judgment of acquittal.

In *State v. Gustin,* 212 Kan. 475, 510 P. 2d 1290, it is held:

"A trial judge in passing upon a motion for judgment of acquittal must determine whether upon the evidence, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt. If he concludes guilt beyond a reasonable doubt is a fairly possible result, he must deny the motion and let the jury decide the matter. If he concludes that upon the evidence there must be such a doubt in a reasonable mind, he must grant the motion." (Syl. 3.)

It is the prerogative of the jury to determine the credibility of witnesses, the weight to be given the evidence, and the reasonable inferences of fact which may be drawn from the evidence; so, a trial judge in passing on a motion for directed verdict of acquittal should consider the evidence, keeping in mind the prerogative of the jury, and if he concludes a reasonable mind might fairly decide a defendant is guilty beyond a reasonable doubt of the crime charged, he must submit the case to the jury. See *State v. Holloway,* 219 Kan. 245, 255, 547 P. 2d 741.

Considering the evidence in the above light there is no doubt that the evidence was sufficient to require the trial judge to submit the case to the jury.

Appellant's next contention is that the evidence was insufficient to support a charge of felony theft, in that the state failed to prove that the value of the drugs taken exceeded $50.00 in value. The druggist McGee testified there were 18 containers of drugs taken in the burglary. The druggist further testified the wholesale value of the 18 containers was $50.21, and the retail value of these drugs was $83.00. Two of the containers had broken seals, and on cross-examination it was brought out that the total value would have been a "little bit less" than the figures previously given by McGee.

The exact value of the drugs was not further explored on cross-examination. The law is clear that the retail price of stolen property may be admitted into evidence to show the value of the property taken so as to establish the degree of the crime. (*Clinton v. State,* 210 Kan. 327, 502 P. 2d 852; *State v. Rogers,* 217 Kan. 462, 467, 537 P. 2d 222.) There was sufficient evidence of value to support the verdict and the matter was properly left up to the jury. The jury in this case determined that the value of the drugs stolen exceeded $50.00. The point is without merit.

Wentworth's next point on appeal is that the trial court erred in overruling the motion to quash a search warrant which was issued to authorize an examination of the contents of the car. Evidence used at the trial as a result of this search included a driver's license and certain other credentials showing that Wentworth was the owner of the car which was found in the parking lot near the scene of the crime. The appellant contends no probable cause existed for the issuance of the search warrant. He argues the testimony supporting the warrant related only to the burglary and in no way connected the automobile with the burglary. He further argues this testimony merely raised questions as to what the car was doing in Columbus, Kansas, on the night of the burglary.

Although the designation of record includes a request for the transcript of testimony on which the search warrant was issued, this testimony does not appear in the record, nor is it included in the transcript. This court is unable to determine on appeal whether the absent testimony supported the issuance of the warrant. It is incumbent upon the appellant to include in the record on appeal any matter upon which he intends to base a claim for relief. Since the appellant has failed to include the portion of the record necessary for us to examine this point we are unable to do so. (*State v. Farris,* 218 Kan. 136, 138, 542 P. 2d 725.)

As appellant's next point on appeal he argues that the trial court committed reversible error in overruling a motion for mistrial which followed the testimony of Allen Jones. Mr. Jones participated in the investigation of the burglary and examined the inside of the car. He testified that he found a photo card holder above the visor on the driver's side of the car which contained Wentworth's driver's license and other items. When asked to recite the items found he testified they included a credential of ministry in the Universal Life Church issued to James Wentworth, several photographs, a portion of a $1.00 bill, a scrap of paper containing tele-

phone numbers, and a business card bearing the name of Mr. Isaacs, probation and parole officer, Tulsa, Oklahoma. At this point counsel for appellant approached the bench and moved for a mistrial contending the state had introduced evidence of prior criminal activity. The motion for mistrial was overruled.

It is obvious the state did not intend to offer the testimony as evidence of prior crimes as limited in K. S. A. 60-455. It came during the trial as an inadvertent statement of a witness. It could have been stricken on a proper objection for want of relevancy, but no such objection was made. The admission of the testimony may have been erroneous but our inquiry does not end there. The granting of a mistrial under K. S. A. 22-3423 is discretionary with the trial court. (*State v. Culbertson*, 214 Kan. 884, 885, 522 P. 2d 391.) Its decision should not be overturned absent an abuse of discretion. No abuse of discretion has been shown here. The presence in defendant's car of the card of a probation officer, along with the other identification cards, cannot be considered as proof of a prior crime. In view of the nature of the comment and the overwhelming evidence adduced at the trial supporting the convictions, the error does not affect constitutional rights and is harmless under K. S. A. 60-261.

Appellant's next point relates to the endorsement of three additional witnesses by the state prior to and during the trial of this case. These witnesses were Ken Knight, an agent of the KBI, Albert Jones, a deputy policeman, and Jim McGee, proprietor of the drugstore which had been burglarized. There were objections lodged to each endorsement. The district court advised the defendant he would be given time to interview each of these witnesses. No request for any additional continuance was made by the defendant.

K. S. A. 22-3201 (6) provides:

"The prosecuting attorney shall endorse the names of all witnesses known to him upon the complaint, information and indictment at the time of filing the same. He may endorse thereon the names of other witnesses as may afterward become known to him, at such times as the court may by rule or otherwise prescribe."

We have held the late endorsement of witnesses rests in the sound discretion of the trial court, and, absent an abuse of discretion, its ruling will not be disturbed on appeal. (*State v. Rogers*, supra, p. 465; *State v. Ponds and Garrett*, 218 Kan. 416, 543 P. 2d 967.) An abuse of discretion may occur when the use of such a witness results in surprise or material prejudice to the defendant preventing a fair

preparation of his defense. (*State v. Robertson*, 203 Kan. 647, 648, 455 P. 2d 570.) The endorsement requirement is a safeguard in order to prevent surprise and to give the defendant an opportunity to examine the witnesses for the state in advance of the trial. There must be some showing of prejudice to the defendant to constitute reversible error. Here the defendant was given an opportunity to examine the witnesses. The defendant requested no additional continuance of the trial and there is no showing that defendant was surprised by the testimony or that he was required to change his trial strategy as a result thereof. A trial court should not give blanket approval for the late endorsement of witnesses. It is apparent the county attorney was ill-prepared to try this case and the trial court would have been justified in refusing late endorsement. However, permission for late endorsement is discretionary and we do not think that the appellant has sustained his burden of establishing prejudice in this particular case.

The appellant Wentworth's final point on appeal concerns a statement by the prosecutor made during closing argument. The appellants produced no witnesses and introduced no testimony in the case. The prosecutor's statement was as follows:

". . . These gentlemen have had a fair hearing. They have had every opportunity to cross-examine each and every witness we have presented. *They had every opportunity to do whatever they wanted in their own defense, . . .*" (Emphasis supplied.)

The issue here presented by appellant was discussed in *State v. Johnson*, 219 Kan. 847, 549 P. 2d 1370:

"Fifth amendment rights are, of course, violated when a prosecutor comments on a defendant's failure to take the stand. *Griffin v. California*, 380 U. S. 609, 14 L. Ed. 2d 106, 85 S. Ct. 1229; *United States v. Nolan*, 416 F. 2d 588 (10th Cir. 1969). But not all comment on failure to present a defense constitutes a comment on the defendant's failure to testify. 'It is permissible for the prosecutor to call the jury's attention to the fact that the evidence against the defendant is uncontradicted, especially when the facts in issue could have been controverted by persons other than the defendant.' (*United States v. Lepiscopo*, 458 F. 2d 977, 979 [10th Cir. 1972].) See also, *State v. Erhart*, 176 Kan. 589, 272 P. 2d 1097; Anno., Accused's Failure to Testify—Comment, 14 A. L. R. 3rd 723. . . ." (p. 850.)

We do not believe that the statement of the prosecutor can be interpreted as a comment on the defendants' failure to testify in this case. The comment which was offensive to the defendant-appellant was preceded by a statement that the defendants had every opportunity to cross-examine each and every witness. This statement was proper. The further statement that they had every opportunity

to do whatever they wanted in their own defense was not directed toward failure of the defendants to testify. Following the comment, the prosecutor went on to say that the testimony of the state's witnesses remained uncontradicted. Defendant Wilson, who was tried along with Wentworth, had told the police about driving his girl friend to Wichita. The girl friend was not produced in support of Wilson's story. The comment of the prosecutor may have been directed toward a failure to produce this girl friend of Wilson.

The prosecuting attorney should not refer to the failure of a defendant to testify. In this case it does not appear that he did so. He merely stated that defendants had had the opportunity to present their case. Here, no defense whatever was presented. Thus the comment does not lead to a conclusion that the prosecution was referring to the defendants' failure to testify. We have carefully examined all of the points raised by the appellant Wentworth and find no reversible error. Judgment as to Wentworth is affirmed.

## BILL REESE WILSON

Appellant Wilson attacks the sufficiency of the evidence to sustain his conviction. In separate points he argues, (1) there was no evidence that he took part in the burglary or the theft, (2) there was no evidence to establish criminal intent on his part, and (3) there was no evidence to establish his liability for the crimes of another in accordance with K. S. A. 21-3205. These will be treated as one point, since all pertain to the sufficiency of the evidence. K. S. A. 21-3205 (1) provides:

"A person is criminally responsible for a crime committed by another if he intentionally aids, abets, advises, hires, counsels or procures the other to commit the crime."

In cases of robbery and burglary it is a common practice for the principal participants at the scene of these crimes to have a "wheel man", one who stays with the car in which the main participants plan to make their "get-a-way". The "wheel man" intentionally aids and abets in the commission of the crime and he may be charged with and convicted of the crime although he did not participate at the scene of the crime. See K. S. A. 21-3205 (3); *State v. Turner*, 193 Kan. 189, 392 P. 2d 863; *State v. White*, 211 Kan. 862, 508 P. 2d 842; and *State v. Edwards*, 209 Kan. 681, 498 P. 2d 48.

In *State v. Edwards*, supra, it is stated:

"The existence of criminal intent in aiding or abetting another to commit a

crime may be presumed or inferred from circumstances surrounding the perpetration of the crime and is a fact question for jury determination.

" '. . . Once a reasonable inference arises, . . . from all the circumstances that defendant was a participant with two others in the commission of the crime of theft at that time and place, defendant's guilt is sufficiently established. This inference is a fact question for jury determination, and the jury found, as it could, that he was such a participant.' . . .'" (p. 686.)

On appeal from a jury verdict the issue is not whether the evidence establishes guilt beyond a reasonable doubt, but whether it is sufficient to form a reasonable inference of guilt when viewed in the light most favorable to the state. (*State v. Wilson,* 220 Kan. 341, Syl. 1, 552 P. 2d 931; *State v. Ritson,* 215 Kan. 742, 744, 529 P. 2d 90.)

Mere association with the principals who actually commit the crime or mere presence in the vicinity of the crime are themselves insufficient to establish guilt as an aider and abettor; however, when a person knowingly associates himself with the unlawful venture and participates in a way which indicates he willfully is furthering the success of the venture, such evidence of guilt is sufficient to go to the jury. (*State v. Schriner,* 215 Kan. 86, 523 P. 2d 703; *State v. Irving,* 217 Kan. 735, 538 P. 2d 670.)

In the present case the evidence established the burglary and theft were committed by Wentworth and Griffin. They were seen running from the drugstore in possession of the drugs after an unlawful entry had been made through the roof of the store. Wentworth, Griffin and Wilson were residents of Tulsa, Oklahoma. The crimes occurred in Columbus, Kansas. A car bearing an Oklahoma license plate was discovered in a parking lot one block from the scene of the crime. It had been parked with the back of the car against a building, thus obscuring the license plate. The car was owned by Wentworth and contained his driver's license. After Wentworth and Griffin were arrested, the appellant Wilson was found lying on the back seat of the Wentworth car. The officer who discovered Wilson testified he appeared to be asleep. The time was around 8:00 p. m. He could not be seen until the officer was next to the car and peered through the back window. Wilson admitted driving the car and parking it in its location at the parking lot. He disavowed any acquaintance with Wentworth and Griffin and advised the police he had driven a girl friend to Wichita, Kansas, and was returning to his home in Tulsa. He explained that he became tired and pulled into the parking lot to sleep. Columbus,

Kansas, is over 36 miles east of any highway connecting Wichita and Tulsa. At the outset of the investigation Wentworth gave his name to the police as Thomas J. Sanders. When it was later established that Sanders' correct name was James Michael Wentworth, Wilson was informed of this. Officer Jones testified that when Wilson was advised of this fact, "Mr. Wilson smiled and said, well, I thought you knew that all the time anyway." From such a statement the jury might infer he was acquainted with Wentworth.

It is the collective judgment of this court that the foregoing evidence gives rise to a reasonable inference that Bill Reese Wilson did knowingly associate himself with the unlawful venture and was participating as the driver of the Wentworth car. From his acts in driving, parking and remaining in the Wentworth car it can reasonably be inferred he willfully intended to further the success of the unlawful venture.

The judgment and conviction of Bill Reese Wilson of burglary and felony theft is affirmed.

MILLER, J., dissenting: I respectfully disagree with the conclusion of the majority as set forth in the last two paragraphs of this opinion. The evidence is not sufficient, in my judgment, to support the conviction of Bill Reese Wilson.

OWSLEY, J., joins in the foregoing dissenting opinion.