(604 P.2d 288)
No. 50,972

STATE OF KANSAS, *Appellee,* v. MARY CUTSHALL, COLVIN CUTSHALL, and EARNIE L. CUTSHALL, *Appellants.*

Petition for review denied March 7, 1980.

Opinion filed December 28, 1979.

*Charles F. Forsyth,* of Erie, for appellants.

*Oliver Kent Lynch,* county attorney; and *Robert T. Stephan,* attorney general, for appellee.

Before FOTH, C.J., ABBOTT and MEYER, JJ.

MEYER, J.: This case arose when a mother complained to a

teacher about a spanking given by the teacher to her minor son. Appellant, Mary Cutshall (Mary), telephoned the teacher, Mrs. Schultz, to complain and made an appointment to meet her after school. After receiving the telephone call, Mrs. Schultz asked Mr. Goedeke, another teacher, to stay around. The criminal activity giving rise to this case resulted from the claim that Mary assaulted Mrs. Schultz while Mary's husband, Colvin Cutshall (Colvin), and her son, Earnie Cutshall (Earnie), restrained Mr. Goedeke from going to Mrs. Schultz's aid.

The jury found Colvin, Mary, and Earnie Cutshall guilty of battery of Mrs. Schultz. Earnie was also found guilty of battery of Mr. Goedeke, while Colvin was acquitted of battery of Mr. Goedeke. The case involving Colvin and Earnie's battery of Mrs. Schultz was submitted to the jury under an instruction of criminal responsibility for the actions of another. Also, since Mary claimed that Mrs. Schultz struck the first blow, the jury was instructed on self-defense.

Appellants' first claimed error is that the convictions of all the Cutshalls should be reversed since they were never arraigned. While the record does not specifically reflect an arraignment, appellants' counsel referred to arraignment four times in the trial transcript.

K.S.A. 22-3205 provides:

"Arraignment shall be conducted in open court and shall consist of reading the complaint, information or indictment to the defendant or stating to him the substance of the charge and calling upon him to plead thereto. He shall be given a copy of the indictment or information before he is called upon to plead. If the crime charged is a felony, the defendant must be personally present for arraignment; if a misdemeanor, he may with the approval of the court, appear by counsel. The court may direct any officer who has custody of the defendant to bring him before the court to be arraigned."

A defendant effectively waives arraignment when he goes to trial without objection and submits the question of guilt to the jury. *State v. Jakeway,* 221 Kan. 142, 143, 558 P.2d 113 (1976). Here, no objection was raised until after the verdict was entered; hence there is no merit to this issue.

Appellants claimed they were not given an opportunity to object to the instructions. The record does not bear this out. At one point appellants' counsel said:

". . . I can recall going over the instructions but I cannot recall a record being made of objections as to the instructions or of any time when the Court inquired of Counsel as to objections . . . ."

Furthermore, appellants' counsel submitted an instruction on self-defense himself, and this instruction was included among those given to the jury.

The record discloses that after both parties had rested their case the court held certain proceedings in chambers. At such time appellants' counsel moved for discharge separately as to each of the appellants, and at the conclusion of submitting such oral motions, appellants' counsel stated as follows:

"In addition to that, in the event the Court overrules the motion on Mary Cutshall, I want and have prepared an instruction for self-defense, and I want the court to submit that."

The court indicated the instruction would be given.

The preferred method relative to instructions is that the trial court, having first given the attorneys an opportunity to read the instructions, specifically inquire of them as to whether or not they approve of the same. Further, the record should specifically show that counsel approved of the instructions, or if they did not approve of all of them, that their objections be noted and specifically ruled upon. While the record in the instant case does not specifically show that this procedure was followed, we do conclude that it sufficiently shows the parties had an opportunity to object to the instructions outside the presence of the jury as required by K.S.A. 60-251. Since, according to the record, no objection was made, the court's scope of review is limited to a determination of whether the instructions are clearly erroneous (*Coleman v. Brotherhood State Bank,* 3 Kan. App. 2d 162, Syl. ¶ 2, 592 P.2d 103 [1979]); a review of all of the instructions convinces us that they are not.

Specifically, on appeal, appellants complain of that instruction which appears in PIK Crim. 54.05, and reads as follows:

"A person is responsible for the conduct of another when, either before or during the commission of a crime, and with the intent to promote or assist in the commission of the crime, he intentionally aids or advises the other to commit the crime."

The instruction given was sufficient to advise the jury as to what evidence was necessary for it to decide whether or not Colvin and Earnie Cutshall were criminally responsible for Mary's battery of Mrs. Schultz because of their acts in restraining Mr. Goedeke.

Appellants argue that since the jury acquitted Colvin of the battery of Mr. Goedeke, there was no evidence which would indicate that Colvin intentionally aided or advised Mary to commit the battery.

*State v. Wilson & Wentworth*, 221 Kan. 359, Syl. ¶ 11, 559 P.2d 374 (1977), states the rule as to what would justify submission of the issue to the jury:

"Mere association with the principals who actually commit the crime or mere presence in the vicinity of the crime are themselves insufficient to establish guilt as an aider or abettor; however, when a person knowingly associates himself with the unlawful venture and participates in a way which indicates he willfully is furthering the success of the venture, such evidence of guilt is sufficient to go to the jury."

There was evidence that Colvin Cutshall participated in restraining Mr. Goedeke himself. The jury might have determined that his action did not arise to a battery, even though he may have participated in restraining Mr. Goedeke. Even if Colvin did not himself restrain Mr. Goedeke, he drove the family to the school and did nothing to stop his son from restraining Mr. Goedeke when he was standing right by them, nor did he attempt to stop his wife from hitting the school teacher. There was sufficient evidence from which the jury could have found the defendant aided and abetted the battery.

Appellants next complain that the conviction of Earnie Cutshall was error since his real name was Earnest L. Karkikanen. There is no merit to this issue because all of the evidence supported the fact that the Cutshall son was the person arrested and tried and was the person who participated in the incident, regardless of his name.

K.S.A. 22-3207(1) provides:

"If a defendant be charged or prosecuted by a wrong name, unless he declare his true name before pleading he shall be proceeded against by the name in the complaint, information or indictment."

Appellants' claim of error of the trial court in failing to dismiss several jurors for cause is likewise without merit. A disqualification for cause is an issue of fact to be determined by the trial court and rests within the trial court's sound discretion. *State v. Carpenter*, 215 Kan. 573, 577, 527 P.2d 1333 (1974). We find no abuse of discretion in this regard.

Appellant Earnie Cutshall complains that there was not suffi-

cient evidence to support the verdict of battery as against him. He claims this is so because Mr. Goedeke had no fear of him and stated so in his testimony. Apprehension of bodily harm is not an element of battery; defense counsel has confused battery with assault. There is no merit to this claim of error.

Appellants also claimed that the court erred in admitting evidence concerning spankings of one of the Cutshall children even though such evidence had previously been ruled inadmissible. There likewise is no merit to this claim of error. It is clear that this evidence developed only after Mary herself mentioned the incident while repeating a statement she made to Mrs. Schultz to the effect that if Mrs. Schultz ever beat her kid again like that that she would "get more of it." Under the circumstances it was not an abuse of discretion for the trial court to admit such evidence.

Our Supreme Court held in *Manley v. Rings,* 222 Kan. 258, 261, 564 P.2d 482 (1977):

"Generally the relevancy of testimony elicited by a party from any witness and scope of both direct and cross-examination of that witness is subject to reasonable control by the trial court. Exercise of reasonable control by the court will not constitute reversible error absent a showing of abuse resulting in prejudice."

Appellants also complain that the verdicts were delivered under the influence of passion and prejudice. In this regard appellant cites large media coverage, rumors, the fact that only one member of the jury panel had no knowledge of the case, that the trial happened within only one month after the incident and that there were numerous spectators in the courtroom. We note, however, that there was only one motion for a 15-day continuance, which was granted by the trial court. Appellants made no motion for a change of venue, nor is there any indication that counsel was denied opportunities to lessen prejudice on the part of the jury, if indeed such existed. Appellants conducted an extensive voir dire examination and the answers of the jury were such that they were not influenced so as to disqualify them to sit.

The change of venue statute specifically provides for change of venue "upon motion of the defendant" where there "exists in the county where the prosecution is pending so great a prejudice against the defendant that he cannot obtain a fair and impartial trial in that county." K.S.A. 22-2616. The defense counsel did not make such a motion.

" '[P]rejudice must be established "not as a matter of specula-

tion but as a demonstrable reality." ' " *State v. Gander,* 220 Kan. 88, 92, 551 P.2d 797 (1976), citing from *Woods v. Munns,* 347 F.2d 948, 951 (10th Cir. 1965). Appellants have not met their burden of proof.

Affirmed.